IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS
_____ 168th _____ JUDICIAL DISTRICT

FILED
ROBERT SANCHEZ
DISTRICT CLERK

2010 OCT 25 PM 4:30

EL PASO COUNTY, TEXAS

BY _____ DEPUTY

COPY

| | |
|---|---|
| LORENA MUNOZ, Individually and on behalf of the Estate of LORENZO MUNOZ, and as Next Friend of L▇▇▇ M▇▇▇ and C▇▇▇ M▇▇▇, Minor Children and VIRGINIA MUNOZ,<br><br>Plaintiffs,<br><br>vs.<br><br>MOORE FREIGHT SERVICES, INC. and ROSA FRANCEWARE on behalf of the Estate of ROGER FRANCEWARE (Deceased),<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Cause No. 2010-4169

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW LORENA MUNOZ, Individually and on behalf of the Estate of LORENZO MUNOZ, and as Next Friend of L▇▇▇ M▇▇▇ and C▇▇▇ M▇▇▇, Minor Children and VIRGINIA MUNOZ, (hereinafter called "Plaintiffs"), complaining of MOORE FREIGHT SERVICES, INC. and ROSA FRANCEWARE on behalf the Estate of ROGER FRANCEWARE (hereinafter jointly and severely called "Defendants") and would show the Court and/or Jury the following:

I.

Plaintiffs are residents of El Paso County, Texas.

Defendant MOORE FREIGHT SERVICES, INC. is a Tennessee corporation doing business in the State of Texas and may be served with process by serving its registered agent, MARIA

1


EXHIBIT A

GARCIA, or any other authorized officer or agent therein at 5721 E. Yandell Ste. C, El Paso, Texas 79925 and/or where ever may be found.

Defendant ROSA FRANCEWARE on behalf the Estate of ROGER FRANCEWARE may be served with process by serving her therein at 1400 Verdi Place, El Paso, Texas 79936 and/or where ever may be found; c/o Stewart Forbes, 711 Myrtle Ave., El Paso, Texas 79901.

II.

Discovery will be conducted in Level III.

III.

This is an action for damages instituted by Plaintiff LORENA MUNOZ, being the surviving spouse of LORENZO MUNOZ against Defendants, wherein Defendants are liable in monetary damages to Plaintiff because of common law and statutory negligence, wrongful death and survivorship rights and in punitive damages which proximately caused damages to Plaintiff.

Plaintiff LORENA MUNOZ is the personal representative of the Estate of LORENZO MUNOZ, who was killed in the incident made the subject of this suit.

Plaintiffs L██████ M██████ and C██████ M██████ are the minor children of LORENZO MUNOZ, Deceased

IV.

The injuries and damages suffered by Plaintiffs and made the basis of this action arose out of an occurrence on or about August 17, 2010 in Mitchell County, Texas. At such time LORENZO MUNOZ was employed by Moore Freight Service Inc. and was in a 2007 International truck tractor/trailer. The truck tractor/trailer was owned, maintained and serviced by Defendant MOORE FREIGHT SERVICE INC. The truck may have been driven by Roger Franceware. The truck failed,

causing a loss of control, striking barriers/guardrails and landing in a creek bed, catching fire. The truck tractor/trailer was dangerous, defective and unsafe for its intended and/or reasonably foreseeable uses and purposes at the time it of the occurrence. The truck tractor/trailer was unreasonably dangerous, defective and unsafe, and was a producing cause of Plaintiffs' damages.

Defendant MOORE FREIGHT was negligent and grossly negligent which proximately caused the death of LORENZO MUNOZ and Plaintiffs' damages. This occurrence caused substantial injuries and eventual death to the person of LORENZO MUNOZ, Deceased.

## V.
## PRODUCT LIABILITY

Alternatively and without waiving the foregoing, the tractor/trailer was in an unreasonably dangerous condition as designed, manufactured, marketed, assembled and/or placed into the stream of commerce by Defendant MOORE FREIGHT and was a producing cause of the complaint of occurrence and injuries and death sustained by Plaintiff LORENZO MUNOZ in the occurrence made the basis of this suit. Defendant MOORE FREIGHT is strictly liable in tort and Plaintiffs hereby invoke the doctrine of strict liability.

Defendant MOORE FREIGHT issued no warnings or instructions to potential users regarding such dangers, or in the alternative, any warnings issued were inadequate.

The kettle was expected to and did reach Plaintiff without substantial change in the condition in which it was sold and/or distributed by Defendant MOORE FREIGHT.

Plaintiff LORENZO MUNOZ was injured and died while using the tractor/trailer in a manner in which it was intended by Defendant MOORE FREIGHT to be used.

Defendant MOORE FREIGHT is strictly liable under product liability.

3

## VI.
## NEGLIGENCE

Plaintiffs allege that the injuries and damages were proximately caused by the negligence/gross negligence of Defendants. Plaintiffs' damages were proximately caused by one or more of the following acts or omissions on the part of Defendants:

1. Failure to furnish Decedent with a safe place to work.
2. Failure to furnish Decedent with safe adequate, necessary and suitable tools, appliances and equipment.
3. Failure to supply adequate and reasonably competent fellow employees in the safe operation of transporting goods.
4. Providing defective equipment.
5. Unsafe condition of the vehicle.

6. Failure to establish and enforce safety rules and regulations.
7. Failure to inspect.
8. Failure to properly educate, instruct and supervise in the performance of his duties.
9. Failing to supervise.
10. Failing to have proper and safe equipment.
11. Failing to adequately train, educate, or provide instructions and orders to persons.
12. Failing to provide proper safety manuals and instructions to employees responsible for safety.
13. Failure to provide adequate means of communication to enable its employees to inquire or obtain guidance from their employer on how to safely perform their job.
14. Failure to comply with the Federal Motor Carrier Safety Regulations (FMCSR).
15. Other negligence.

One or more of the foregoing acts or omissions of Defendants constituted gross negligence and willful misconduct which was a proximate cause of the injuries to Decedent which are made the basis of this cause of action. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiffs that would not have been sustained but for the one or more of the foregoing acts or omissions.

## VII.

Plaintiff LORENA MUNOZ has sustained injuries and damages as a result of the wrongful death of her husband, LORENZO MUNOZ, including, but not limited to the following:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value.
(b) Loss of Decedent's society and companionship, love, affection, comfort, protection, and attention.
(c) Loss of inheritance, gifts, benefits, and other valuable gratuities.
(d) Loss of household services.
(e) Loss of consortium.
(f) Mental anguish.
(g) Loss of her husband's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship;
(h) Economic damages and losses including medical expenses;
(i) Loss of her husband's financial support;
(j) Pain and suffering and emotional distress;
(k) Mental anguish and injured feelings;
(l) Funeral and burial expenses; and

By reason of the foregoing, Plaintiff LORENZA MUNOZ has been damaged in an amount within the jurisdictional limits of the Court.

## VIII.

Plaintiffs would show that as a result of the occurrence, LORENZO MUNOZ, and his estate were severely damaged. LORENZO MUNOZ, Decedent, suffered injuries to his body. Plaintiff LORENZO MUNOZ suffered damages, including but not limited to:

(a) Conscious pain, suffering and excruciating physical agony prior to death.
(b) Medical, hospital and nursing expenses.
(c) Funeral expenses.

By reason of the foregoing, Plaintiff LORENZO MUNOZ has been damaged in an amount within the jurisdictional limits of the Court.

5

LORENZO MUNOZ sustained bodily injuries and died.

## IX.

Plaintiff L█████ and C███████ M█████, Minor Children have sustained injury and damages as a result of the wrongful death of their father, LORENZO MUNOZ including but not limited to the following:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advise, counsel, guidance and reasonable contributions of pecuniary value.
(b) Loss of inheritance, gifts, benefits, and other valuable gratuities.
(c) Loss of household services.
(d) Mental anguish.
(e) Loss of their father's love, affection, advice, counsel, care, comfort, consortium, protection, services, attention, society and companionship.
(f) Economic damages and losses including medical expense.
(g) Past and future medical and counseling expenses.
(h) Other damages.

By reason of the foregoing, Plaintiffs L█████ and C███████ M█████ have been damaged in an amount within the jurisdictional limits of the Court.

## X.

Plaintiff VIRGINIA MUNOZ has sustained injury and damages as a result of the wrongful death of her father, LORENZO MUNOZ including but not limited to the following:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advise, counsel, guidance and reasonable contributions of pecuniary value.
(b) Loss of inheritance, gifts, benefits, and other valuable gratuities.
(c) Loss of household services.
(d) Mental anguish.
(e) Loss of her father's love, affection, advice, counsel, care, comfort, consortium, protection, services, attention, society and companionship.
(f) Economic damages and losses including medical expense.
(g) Past and future medical and counseling expenses.
(h) Other damages.

By reason of the foregoing, Plaintiffs VIRGINIA MUNOZ has been damaged in an amount within the jurisdictional limits of the Court.

XI.

Plaintiffs would show that the acts and omissions of Defendants as set forth above were in heedless and reckless disregard for the rights and safety of LORENZO MUNOZ and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiffs and Decedent so as to constitute gross negligence and/or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiffs. Plaintiffs are entitled to punitive damages.

XII.

Plaintiffs respectfully requests trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs requests that the Defendants be cited to appear and answer, and that upon final trial, Plaintiffs have judgment against Defendants for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, punitive damages and for such other and further relief, general and special, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

SCHERR & LEGATE, PLLC
Attorneys for Plaintiffs
109 North Oregon, 12th Floor
El Paso, Texas 79901
JamesScherr@slglaw.com
(915) 544-0100
(915) 532-1759 Facsimile

JAMES F. SCHERR
State Bar No. 17745400