IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   EP-13-CV-156-KC |
| | § |
| XMEX TRANSPORT LLC, et al., | § |
| | § |
| Defendants. | § |

## ORDER

On this day the Court considered Defendants A-Z Trailers, Inc., Dykes and Dykes Trailers, Inc., Goal Transports, Inc. d/b/a Calvin K. Transportation, LLC, and Jose M. Gomez's Motion for Joinder or in the Alternative to Dismiss Under FRCP 12(b)(7) ("Motion"), ECF No. 26. For the reasons set forth below, the Motion is **DENIED**.[1]

### I.   BACKGROUND

On May 7, 2013, Plaintiff Canal Insurance Company ("Canal") filed a Complaint[2] seeking a declaratory judgment concerning its obligations under an insurance policy held by one of the defendants, XMEX Transport, LLC ("XMEX"). *See* Compl. 5-13, ECF No. 1. The case arose from the deaths of Lorenzo Munoz and Roger Franceware (collectively "Decedents") in a

---

[1] Plaintiff and the non-moving defendants did not file a response to the Motion.

[2] Defendants in this action are, in addition to XMEX and movants: Charles "Chip" Strader; Lorena Munoz, individually and on behalf of the Estate of Lorenzo Munoz, and as next friend of minor children L.M. and C.M.; Rosa Franceware, individually and as next friend of E.L.F., a minor, and as administratrix of the Estate of Roger Franceware; Jessica Lopez, administratrix of the Estate of Roger Franceware, and as next friend of A.F. and J.F.O., minor children; Andres Sotelo; Trans Front, Inc.; Oscar Flores; Joaquin Cortez Sanchez; Transportes Americanos; and SMTC Mex-Hold. *See* Compl. 2-5.

1

single-vehicle tractor-trailer accident in Mitchell County, Texas on or about August 17, 2010. *Id.*; Compl. Ex. G at 4; Compl. Ex. E at 6.  Both men were traveling in a 2007 International truck bearing Vehicle Identification Number 2HSCNSCR57C432761 which veered off Interstate 20, crashed, and caught fire. *Id*.

Canal alleges that two lawsuits have been filed in Texas state court concerning liability for the accident. Compl. 5-8. The survivors of each Decedent generally allege that the other decedent, some or all of the other defendants named in this action, and Moore Freight Services, Inc. ("Moore") are liable for Decedents' personal injuries and wrongful deaths under various legal theories.[3] Compl. 6-8. Canal alleges that it issued a vehicle insurance policy to XMEX (the "Policy") on August 6, 2010. Compl. 8.  Canal seeks a declaration that, among other things, no coverage is afforded under the Policy for the truck that was involved in the accident, and that it is not obligated to provide a defense in the two Texas lawsuits on behalf of Defendants XMEX, Strader, A-Z Trailers, Dykes & Dykes Trailers, Goal Transports, or XMEX's alleged driver. Compl. 8-12. In the Motion, movants now seek to join Moore as an additional defendant, or in the alternative, that the case be dismissed for failure to join a party. Mot. 1.

---

[3] Canal also brought a declaratory judgment action in the United States District Court for the Eastern District of Tennessee that substantially mirrored the present action. That court declined to hear that action pursuant to its discretionary authority under 28 U.S.C. § 2201(a), refused to grant a change of venue to the United States District Court for the Western District of Texas, and found that it lacked personal jurisdiction over certain of the defendants. *See Canal Ins. Co.* v. *XMEX Transport LLC*, 3:12-cv-178, 2013 WL 663742 (E.D. Tenn. Feb 25, 2013).

II. **DISCUSSION**

    A. **Standard**

Rule 19 of the Federal Rules of Civil Procedure governs the joinder of absent parties. Fed. R. Civ. P. 19. Under Rule 19(a)(1), a person who is subject to process and whose joinder will not deprive the court of subject matter jurisdiction must be joined if:

    a. in that person's absence, the court cannot afford complete relief among existing parties; or
    b. that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
        1. as a practical matter impair or impede the person's ability to protect the interest; or
        2. leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides for dismissal of a case for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7); *HS Res., Inc. v. Wingate,* 327 F.3d 432, 438 (5th Cir. 2003). Rule 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *Haug* v. *Dependable Auto Shippers, Inc.,* 3:09–CV–1279–L, 2010 WL 669756, at *2 (N.D. Tex. Feb.25, 2010) (quoting *Wingate,* 327 F.3d at 438). "It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *Ameriprise Fin., Inc.* v. *Bailey,* 3:12–CV–04290–P, 2013 WL 1947475, at *2 (N.D.Tex. May 13, 2013) (quoting *Wingate,* 327 F.3d at 438).

To decide a Rule 19 challenge, the court applies a two-step inquiry. *Hood ex rel. Mississippi* v. *City of Memphis, Tenn.,* 570 F.3d 625, 628 (5th Cir. 2009). First, the court determines whether an absent party should be joined to the lawsuit under Rule 19(a). *Id.* "While the party advocating joinder has the initial burden of demonstrating that an absent party is

3

necessary, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* (quoting *Pulitzer–Polster* v. *Pulitzer,* 784 F.2d 1305, 1309 (5th Cir.1986)). If the court determines that an absent party is required under Rule 19(a) but cannot be joined, the court turns to Rule 19(b) to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 633 (quoting Fed. R. Civ. P. 19(b)). Finally, in its joinder analysis, the court accepts the allegations in the complaint as true. *See, e.g., Indian Harbor Ins. Co.* v. *KB Lone Star, Inc.,* H–11–CV–1846, 2012 WL 1038658, at *2 (S.D. Tex. Mar. 27, 2012).

    **B.    Analysis**

To the extent movants' argument is premised on facts not in the complaint, i.e. that Moore is also an insured of Canal and that movants have sought indemnity from Canal on that basis, the court declines to entertain it. *See, e.g., Ameriprise* v. *Bailey*, 2013 WL 1947475, at *3 (party not required under Rule 19(a) when "the record is devoid of facts or evidence to indicate that complete relief cannot be obtained without her . . . . [t]he Court only has attorney argument to go by.").

Movants argue:

> Upon information and belief, Moore is also an insured of Plaintiff. Should this be the case, it is easy to see why Moore was left out of this lawsuit initially, as Plaintiff would have to bring suit against its own insured.
>
> There are significant issues in the underlying lawsuits, including as to whether:
> a) Mr. Franceware and Mr. Munoz were employees of Moore, XMex Transport, LLC, or Charles Strader at the time of the accident,
> b) the trip in issue in which Franceware and Munoz died was authorized by Moore, XMex Transport, LLC, or Charles Strader,
> c) Charles Strader as an employee of Moore had the authority to ship the load in issue.

> As Plaintiff's Complaint demonstrates . . . Moore is central to the underlying lawsuits. The tractor involved in the accident was owned by Moore. Moore clearly has an interest, therefore, and is a necessary party in this litigation.
>
> This matter cannot be "fully and fairly disposed of" without the joinder of Moore. Plaintiff has alleged that the Moore tractor was not covered by its policy. Moore is therefore an interested party, and further, such interest directly relates to the interests of Trailer Defendants,[4] as they have sought indemnity from Canal under both the Moore policy and the XMex policy.

Mot. 2-3.

Movants cite the standards outlined in *Hood* and *Wingate* and argue that Moore is a "required party for full and fair adjudication" under Rule 19. Mot. 1-3. However, movants do not articulate why the law as applied to these facts mandates joinder, or upon which of the three prongs of Rule 19(a)(1) their argument is based. Regardless, the Court will consider each prong of Rule 19(a)(1) as it relates to the entirety of movants' argument for joinder.

### 1.   Complete relief

Rule 19(a)(1)(A) mandates joinder of a person if, "in that person's absence, the court cannot afford complete relief among existing parties." The rule "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." *Cardinal Health Solutions, Inc.* v. *Valley Baptist Med. Ctr.,* 1:07–CV–001 11, 2008 WL 5191934, at *3 (S.D. Tex. Dec.8, 2008) (quoting Fed. R. Civ. P. 19 Advisory Committee Note).

Canal seeks only declaratory relief concerning its obligations under the XMEX Policy and to the existing defendants. Compl. 12-13. Movants have not raised any counterclaims or otherwise sought relief in this proceeding. Courts have held that complete relief can be afforded

---

[4] In the Motion, movants refer to themselves as the "Trailer Defendants," apparently because they are the parties who allegedly owned, maintained, and serviced the trailer. *See, e.g*., Compl. Ex. I at 6-7.

in numerous types of declaratory actions concerning coverage under insurance policies in which entities not party to the particular insurance contract at issue were not joined. *See, e.g., In re Chinese Manufactured Drywall Products Liability Litigation*, 273 F.R.D. 380, 385-386 (E.D. La. 2010) (joinder of subcontractors not required in action by general contractors seeking "a declaration as to their specific rights under . . . insurance policies" because "with or without the [s]ubcontractors, the Court can determine this relief in its entirety."); *See also* Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Federal Practice and Procedure § 1619 (3d ed. 2010) (persons jointly and severally insured not indispensable to action by another insured against the insurer; insured need not be joined in action between two insurers to determine their respective liability; in an action potentially involving multiple insurers, court could render complete justice between parties to a litigation over an insurance policy without joinder of the other insurers). In the absence of any argument by movants to the contrary, the Court finds that it can afford complete relief among the existing parties if Moore is not joined.

### 2.     Interest in the subject matter

Rule 19(a)(1)(B)(i) requires joinder of an absent party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest[.]" However, "Rule 19 does not contemplate joinder of any party who might possibly be affected by a judgment in any way." *Shelton* v. *Exxon Corp.,* 843 F.2d 212, 218 (5th Cir.1988). For instance, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple* v. *Synthes Corp., Ltd*. 498 U.S. 5, 7 (1990) (citations omitted). "The fact that the existing Defendants may have some right of reimbursement,

contribution, or indemnity against a non-party does not make the non-party indispensable." *Bates v. Laminack*, 2013 WL 1345193, at * 9 (S.D. Tex. April 1, 2013).

Additionally, the fact that an absent party does not seek joinder by its own volition indicates that it lacks an interest relating to the subject matter of the action. *See Inmobiliaria Axial, S.A. de C.V.* v. *Robles Int'l Servs., Inc.,* EP–07–CA–00269KC, 2007 WL 2973483, at *4 (W.D. Tex. Oct. 11, 2007) (weighing the fact that the absent party did not seek to join the action and that only the existing defendant advocated joinder against the claim that the absent party had an interest in the action); *Grand Acadian, Inc.* v. *Flour Corp.,* 2:07 CV 295, 2008 WL 408874, at *2–3 (W.D. La. Feb. 12, 2008) ("It is apparent that the [absent party] is not a necessary party . . . because [it] has not asserted its interest.").

Movants make two arguments that explicitly invoke Moore's "interest" in this action. First, they note that the tractor was allegedly owned by Moore. Mot. 3. Second, as discussed, they argue without reference to the record that Moore is an "interested party" because it has also sought indemnity from Canal. *Id.*

Even if these arguments are true, they demonstrate only that Moore has an interest in the underlying lawsuits to which it is a party, and in its insurance claims, if any, with Canal. Rule 19(a)(1)(B)(i), however, concerns a person with an interest in "the subject of the action." Fed. R. Civ. P. 19(a)(1)(B)(i). The subject of this action is the XMEX Policy and the rights, obligations, and legal relations arising from it. Compl. 12-13. It is not the entire universe of possible claims and related questions arising from the accident at issue. In that regard, *Broadstar Wind Sys. Grp., LLC* v. *Stephens*, 459 Fed. App'x 351 (5th Cir. 2012) is instructive. In that case, the Fifth Circuit held that a declaratory judgment was properly granted in a contract dispute concerning the ownership of certain intellectual property, despite the nonjoinder of a corporation that purchased

7

the intellectual property from one of the litigants. *Id.* at 357. The corporation was not a necessary party "[b]ecause the declaratory judgment was based only on the contract dispute . . . . While [the corporation] certainly had interests in the outcome of the suit, as a non-party to the contract which was the sole basis for the declaratory judgment suit, [it] was neither necessary nor indispensable." *Id.* Here too, Canal and XMEX are parties to the insurance agreement that is the subject of this action, Moore is not, and Canal seeks a declaratory judgment based solely on that agreement.

Along similar lines, movants argue that joinder is appropriate due to certain "significant issues in the underlying lawsuits." Mot. 3. Among them are whether Decedents were employed by Moore or some other party, whether the trip at issue was authorized by Moore or some other party, and whether Strader, as an employee of Moore, was authorized to ship the load in question. *Id*. Movants do not explain which prong of Rule 19 these "significant issues" implicate. Insofar as this argument relies on Rule 19(a)(1)(B)(i), it fails to articulate how Moore claims an interest relating to the Policy, or how Moore's absence might impair its ability to protect that interest. Though Moore is indeed "central to the underlying lawsuits," Mot. 3, the Court sees no indication that it must be joined in this lawsuit under Rule 19(a)(1)(B)(i).

### 3. Multiple obligations and inconsistent relief

Rule 19(a)(1)(B)(ii) requires joinder of an absent party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

As discussed, movants do not demonstrate that Moore claims an interest in the subject of the action. They also do not argue that Moore's absence may leave an existing party subject to a substantial risk of incurring inconsistent obligations. The Court therefore declines to speculate as to whether adjudicating the present matter without Moore might leave one of the existing parties "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."

In summary, movants have failed to meet their "initial burden of demonstrating that an absent party is necessary," *Hood*, 570 F.3d at 628. Because the Court finds that the joinder of Moore is not required, the Court does not consider whether Moore is subject to service of process, whether joining Moore might deprive the court of subject matter jurisdiction, or whether dismissal is required in Moore's absence.

## III. CONCLUSION

For the foregoing reasons, movants' Motion for Joinder or in the Alternative to Dismiss under FRCP 12(b)(7), ECF No. 26, is **DENIED**.

**SO ORDERED.**

**SIGNED this 22nd day of October, 2013.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE