IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | EP-13-CV-156-KC |
| | § | |
| XMEX TRANSPORT, LLC, et al. | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT JESSICA LOPEZ'S MOTION FOR SUMMARY JUDGMENT
REGARDING PLAINTIFF CANAL'S DUTY TO DEFEND**

COMES NOW, JESSICA LOPEZ, Administratrix of the Estate of ROGER FRANCEWARE, deceased, and as Next Friend of A.F. and J.O., minor children and heirs of the Estate of Roger Franceware, deceased (hereinafter "Defendant Lopez") and files this Motion for Summary Judgment Regarding Plaintiff Canal's Duty to Defend. In support thereof, Defendant Lopez would respectfully show the Court as follows:

**I.   INTRODUCTION & FACTUAL BACKGROUND**

1.   Plaintiff Canal Insurance Company ("Canal") seeks declaratory relief with respect to its duty to defend and indemnify under an insurance policy (the "Policy") issued by Canal to XMEX Transport, LLC ("XMEX"). The Policy has been implicated in Cause No. 2010-4169 in the 168th District Court for El Paso County, Texas (the "State Court Litigation"). That State Court Litigation concerns a tractor-trailer crash in which Lorenzo Munoz ("Munoz") and Roger Franceware ("Franceware") died; "Munoz Defendants" before this Court sued XMEX and other defendants through Munoz in the State Court Litigation, while Defendant Lopez brought claims through Franceware. There is no dispute that the Policy was in effect at all times relevant to the State Court Litigation and this case. *See* ECF No. 1 (Orig. Complaint), ¶ 33.

2. Issues regarding an insurer's duty to defend are matters of law and may be resolved by summary judgment. *Travelers Indem. Co. of Am. v. Moore & Assocs. Inc.*, 216 S.W.3d 302, 305 (Tenn. 2007). To that end, the Court ordered all parties to this case to submit motions for summary judgment as to Canal's duty to defend under the Policy by April 3, 2014. *See* ECF No. 49 (Scheduling Order); ECF No. 56 (Order of March 4) at 20. All documents necessary for adjudication of Canal's duty to defend are either already before the Court or attached to this Motion.[1] There are no material questions of fact.

3. Defendant Lopez respectfully moves this Court to enter a declaration that the parties' pleadings in the State Court Litigation have triggered Canal's duty to defend (1) XMEX, (2) XMEX's owner, Charles "Chip" Strader ("Strader"), and (3) the Estate of Roger Franceware in the State Court Litigation. To that end, this Motion first demonstrates that Tennessee law governs the interpretation of the Policy. In keeping with the Tennessee Supreme Court's recommendation for "duty to defend" analyses, this Motion next considers whether each of the aforementioned defendants fall into the primary coverage provision of the Policy, then shows that no exclusions remove those defendants from the Policy.

## II. DETERMINATION OF GOVERNING LAW

4. As the Court noted *sua sponte* in its Order of March 4, the Policy at issue in this case contains no choice of law provision. *See* ECF No. 56 at 15, n.8. As a result, the Court faces a threshold question as to which State's substantive law governs Canal's duty to defend under the Policy. *Id.* There will be no dispute that this threshold question itself is governed by Texas choice of law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 78 F.3d 202, 205 (5th Cir. 1996). Texas courts

---

[1] Canal's Policy is ECF No. 1-10. Defendant Lopez previously filed her live pleadings from the State Court Litigation as ECF Nos. 51-1 and 54-1. Canal filed several of Munoz Defendants' pleadings as ECF Nos. 1-1 to 1-5 and Munoz Defendants' most recent amended pleading is attached to this Motion as Exhibit A.

apply the most significant relationship test from the Restatement (Second) Conflict of Laws. *See Railroad Mgmt. Co. v. CFS La. Midstream Co.*, 428 F.3d 214, 222 (5th Cir. 2005) (citing *Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 53 (Tex. 1991)). Factors to consider in evaluating which State has the most significant relationship to an insurance contract include:

> (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties.

*See Minn. Mining & Mfg. Co. v. Nishika Ltd.*, 953 S.W.2d 733, 735-36 (Tex. 1997); *Maxus Exploration*, 817 S.W.2d at 53. The focus of the Court's analysis should be on what contacts each State has with the insurance dispute, not with the underlying tort. *Reddy Ice Corp. v. Travelers Ins. Co.*, 145 S.W.3d 337, 340 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (quoting *St. Paul Mercury Ins. Co.*, 78 F.3d at 205).

5. In the present case, consideration of these factors points to Tennessee's substantive law governing the Policy. Though the underlying tractor-trailer wreck occurred in Texas, this contact relates to the underlying tort, not the insurance dispute. In contrast, the Court should note that XMEX, the named insured and beneficiary under the Policy, is a Tennessee limited liability company with its principal place of business in Tennessee. *See* ECF No. 1-10 (Policy # PIA06033700) at 1. The Policy was applied for in Tennessee and countersigned by a Tennessean agent of Canal. *See id.* at 1, 3, 16-19. Every truck listed on the "schedule of covered autos" was based in Tennessee. *Id.* at 24. And the Policy itself demonstrates a significant deference to Tennessee law, including numerous endorsements intended to comply with that State's requirements. *See id.* at 8-9, 20-21, 39, 56-59. Other States are referenced in catch-all provisions. *See id.* at p. 30. The record is clear that Tennessee has the most significant interest in determining whether there is a duty to defend or indemnify under the Policy.

6. This finding is not without consequence. Though Texas and Tennessee take similar approaches to determining an insurer's duty to defend, their laws are not identical. As the Court has observed, both States distinguish between an insurer's duty to defend and its duty to indemnify, evaluating the former by looking only to whether the plaintiff's allegations in the underlying complaint (presumed to be true) allege facts within the scope of the insurance policy. *See* ECF No. 56 at 13-15 (and citations therein). However, Tennessee appears to treat its "four-corners" rule more absolutely than Texas treats its "eight-corners" approach. Texas courts recognize limited exceptions where extrinsic evidence may be used to determine the duty to defend, whereas Tennessee's courts have repeatedly re-emphasized that they may look *solely* to the pleadings. *Compare Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 475-76 (5th Cir. 2009) (discussing "readily ascertainable facts" doctrine) *with Interstate Packaging Co. v. Century Indem. Co.*, No. 3:11-cv-00589, 2013 WL 1335120, at *4 (M.D. Tenn. Mar. 29, 2013) (noting "the Tennessee Supreme Court has more recently, repeatedly, and clearly, stated the rule that the duty to defend 'is to be determined *solely* by the allegations contained in the complaint.'") (emphasis in original)). Thus, as Tennessee substantive law applies to the Policy, the Court should decline to consider any extrinsic evidence in evaluating Canal's duty to defend.

### III.  DETERMINATION OF THE DUTIES TO DEFEND

**A.  Legal Standards.**

7. Under Tennessee law, "the obligation of a liability insurance company to defend an action brought against the insured by a third party is to be determined solely by the allegations in the complaint in that action." *Gen. Agents Ins. Co. of Am., Inc. v. Mandrill Corp., Inc.*, 243 Fed. App'x 961, 964 (6th Cir. 2007) (quoting *St. Paul Fire & Marine Ins. Co. v. Torpoco*, 879 S.W.2d 831, 835 (Tenn. 1994)); *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 439 (Tenn. 2012). A

complaint need not state facts sufficient to clearly bring the case within coverage for an insurer to be obligated to defend. *See Dempster Bros., Inc. v. U.S. Fid. & Guar. Co.*, 388 S.W.2d 153, 156 (Tenn. Ct. App. 1964). Rather, an insurer has a duty to defend when the underlying complaint alleges damages within the risk covered by the insurance contract and for which there is a potential basis for recovery. *Torpoco*, 879 S.W.2d at 835. The duty to defend arises if even one of the plaintiff's allegations is covered by the insurance policy. *Moore & Assocs. Inc.*, 216 S.W.3d at 305. Any doubts as to whether the claimant has stated a cause of action within the coverage of the policy are resolved in favor of the insured. *Id.* (citing *Dempster Bros., Inc.*, 388 S.W.2d at 156). These principles should guide the Court's consideration of the following facts.

**B.     XMEX, Strader, and the Estate of Roger Franceware Fall Within the Primary Coverage of the Policy.**

8.     The Policy in this case begins with a broad coverage provision, then withdraws certain facts from that coverage through exclusions. That initial provision states in relevant part:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> ...
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages.... However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage"... to which this insurance does not apply....

*See* ECF No. 1-10 at 29, Section II.A. Comparison of this language to the pleadings filed by Defendant Lopez and Munoz Defendants in the State Court Litigation makes clear that XMEX, Strader, and the Estate of Roger Franceware all fall within this general coverage provision.

**1.     XMEX has been Sued for "Bodily Injury" Caused by an "Accident" Resulting from Use of a Covered "Auto."**

9.     Canal does not dispute that XMEX is a named "Insured" under the Policy. *See* ECF No. 1-10 at 1. Nor is there any dispute that the State Court Litigation includes claims for

damages because of "Bodily Injury" from an "Accident." Rather, Canal's only attempt to escape the general coverage language as to XMEX argues that the State Court Litigation did not arise out of use of a covered "Auto."[2] *See* ECF No. 1 (Complaint) at ¶ 35.

10. Canal's contention is irrelevant to its duty to defend. Whether the tractor-trailer involved in this wreck appeared on the Policy's schedule is an extrinsic fact from outside the pleadings. Defendant Lopez pled only that Munoz negligently drove the tractor-trailer in the course and scope of his employment for XMEX, not the serial number for the tractor or trailer. *See* ECF No. 51-1 (5th Amended Petition) at ¶ 4.1. The Policy lists three tractors as covered autos. *See* ECF No. 1-10 at 24. Because any doubts as to whether the claimant has stated a cause of action within the coverage of the policy are resolved in favor of the insured, the Court should assume for purposes of the duty to defend that the tractor-trailer mentioned in the plaintiffs' pleadings was listed on the Policy schedule. *See Moore & Assocs. Inc.*, 216 S.W.3d at 305. Accordingly, there is a potential claim against XMEX under the Policy and Canal must provide XMEX a defense unless an exclusion applies. As Defendant Lopez will show *infra*, none do.

11. Defendant Lopez would note in passing that Canal has largely conceded these realities in practice, if not yet technically in full. Subject to a reservation of rights, XMEX's defense in the State Court Litigation during three years of litigation and through trial (which is ongoing as of the filing of this Motion) has been provided by Canal under the Policy. The Court need not reach a contrary conclusion.

### 2. Strader is an "Insured" Under the Policy.

12. Strader is the owner of XMEX and as a practical matter the defense of one defendant is inseparable from the other. *See* ECF No. 1-10 at 19. Given their unity of interest

---

[2] The only other portions of Canal's complaint in which it attempts to escape its duty to defend XMEX invoke exclusions. *See* ECF No. 1, ¶¶ 36-39. These contentions are addressed *infra* in Section III.C. of this Motion.

with respect to every material fact question in the State Court Litigation, it would uneconomical if not outright prejudicial to split their defense. Perhaps recognizing this fact, XMEX has also provided Strader a defense to date in the State Court Litigation. Nonetheless, Defendant Lopez can show that her pleadings allege facts sufficient to place Strader under the Policy terms too.

13. In addition to the named insured, the term "Insured" is defined by the Policy to generally include:

> Anyone else while using with your permission a covered "auto" you own, hire or borrow....

*See* ECF No. 1-10 at 29, Section II.A.1.b. The Policy includes six exceptions to this general definition inapplicable to this case. *See id.* at 29-30, 50. Fairly interpreted, the Munoz Defendants' pleadings allege that Strader, with XMEX's permission, used a covered auto that XMEX had borrowed from Moore Freight Services. *See* Exhibit A at Section V. This makes Strader an "Insured" under the Policy.

14. Canal may protest that Strader was not "using" the tractor-trailer at the time of the crash, but courts have consistently held that "use" is a broader term than "operate" or "drive." *See e.g., Associated Int'l Ins. Co. v. Blythe*, 286 F.3d 780, 783-87 (5th Cir. 2002) (under Texas law and "great weight of authority" in other jurisdictions, "use" includes putting a vehicle into service by directing or supervising its movements). Thus, under Munoz Defendants' pleadings, Strader's direction of an XMEX employee on a renegade load constitutes a "use" of the tractor-trailer. *See* Exhibit A at Section V. Given that the tractor-trailer in this case is presumed to be a covered "Auto" in the absence of extrinsic facts, it follows that Strader qualifies as an "Insured."

15. Once Strader's status as an "Insured" is established, all the other requirements of the general coverage provision are undisputed or fall into place as they did for XMEX, *supra*. Accordingly, Strader is also owed a defense by Canal unless an exclusion applies.

### 3.     The Estate of Roger Franceware is an "Insured" Under the Policy.

16.    In their petitions in the State Court Litigation, the Munoz Defendants have consistently alleged that "[t]he truck may have been driven by Roger Franceware." *See* ECF Nos. 1-1, 1-5. Their latest petition openly alleges that Franceware was driving the tractor-trailer in the course and scope of his employment for XMEX. *See* Exhibit A at Section V. That other parties contest these allegations, even that these allegations may ultimately be rejected by the jury in the State Court Litigation, is of no relevance to whether Canal has a duty to defend. Munoz Defendants have alleged that Franceware was using a borrowed, presumably covered "Auto" with XMEX's permission. This is sufficient to treat Franceware as an "Insured" under the Policy.

17.    As with Strader, once status as an "Insured" is established, other requirements for the duty to defend fall into place. Defendant Lopez filed an answer to Munoz Defendants' cross-claims on August 26, 2011. *See* ECF No. 51-1. She has been owed a defense since that time.

**C.     None of the Exclusions Invoked by Canal Remove its Duty to Defend These Three Defendants in the State Court Litigation.**

18.    After setting out the general requirements for coverage, the Policy lists several exclusions in its following section and subsequent endorsements. *See* ECF No. 1-10 at 30-32, 52. Canal's Complaint invokes a number of these exclusions, which Defendant Lopez will address in turn. None are sufficient to eliminate Canal's duty to defend any of the three defendants.

19.    Canal argues in paragraph 36 of its Complaint that there is no coverage for "bodily injury" to an employee of the insured for injuries arising out of the course and scope of the insured's employment. *See* ECF No. 1 at 9. Its argument in paragraph 37 of its Complaint invokes a related "fellow employee" exclusion. *Id.* But whether Franceware and Munoz were actually employees of XMEX, Strader, or any other defendant is, once again, an extrinsic fact issue that is more properly determined in the State Court Litigation. Defendant Lopez expressly

pled that Franceware was *not* an employee of XMEX, while Munoz Defendants expressly pled that Munoz was *not* an employee of XMEX. Looking just at the pleadings, as the Court must under Tennessee's four-corners rule, the bodily injury exclusion does not absolve Canal of its duty to defend. Canal must mix and match pleadings to create allegations that *both* Franceware and Munoz were XMEX employees. No pleading, standing alone, unambiguously alleges co-employee status. Because Canal cannot resort to extrinsic facts to prove employment status, Canal's duty to defend remains implicated.

20. Canal's attempts to dodge this problem in paragraph 38 of its Complaint, where it invokes 49 C.F.R. § 390.5 to claim that Franceware and Munoz must be "statutory employees" of XMEX. But fact issues remain. Section 390.5 defines an employee as an individual "employed by an employer and who *in the course of his or her employment* directly affects commercial motor vehicle safety." (emphasis added). As previously discussed, Defendant Lopez expressly pled that Franceware was a mere passenger—not in the course and scope of employment for XMEX—who had the misfortune of riding with Munoz when the latter wrecked the tractor-trailer. *See* ECF No. 51-1 at ¶ 4.1. Looking solely to the pleadings, as the Court must, 49 C.F.R. § 390.5 thus fails to make Franceware a statutory employee, because determining Franceware was "in the course of his employment" requires consideration of extrinsic facts that contradict the pleadings.

21. Finally, in paragraph 39 of its Complaint, Canal invokes the "Occupant Hazard Exclusion" (hereafter "OHE") endorsement in its Policy. *See* ECF No. 1-10 at 52. That endorsement excludes from coverage "'Bodily Injury' sustained by any person while in or upon, entering or alighting from the 'auto'." *Id.* Courts across the country have repeatedly found that the OHE endorsement is void as a matter of public policy in states which require minimum

liability insurance. *See e.g. Canal Ins. Co. v. Rodney DeWayne Ashmore*, 126 F.3d 1083 (8th Cir. 1997) (Arkansas); *Canal Ins. Co. v. Benner, et al.*, 980 F.2d 23 (1st Cir. 1992) (Maine); *Great West Cas. Co. v. Canal Ins. Co.*, 901 F.2d 1525 (10th Cir. 1990) (Kansas); *Ooida Risk Retention Grp. v. Williams*, 544 F. Supp. 2d 540 (W.D. Tex. 2008), *rev'd on other grounds*, 579 F.3d 469 (5th Cir. 2009) (Texas). Tennessee has just such a minimum liability insurance public policy. *See* Tenn. Code Ann. § 55-12-101 to -140 (2010).

22. Minimum liability insurance laws are intended to ensure that innocent members of the public are not "totally without recourse in the event they suffer injury." *Starr v. Hill*, 353 S.W.3d 478, 483-84 (Tenn. 2011). The OHE frustrates this intent by barring any recovery for members of the public who are passengers in a negligently operated vehicle. *See Ashmore*, 126 F.3d at 1087. While the Tennessee Supreme Court has accepted certain exceptions to liability insurance, its most recent opinion in this area concerned only family and household exclusions in light of Tennessee tort law. *See Purkey v. American Home Assurance Co.,* 173 S.W.3d 703 (Tenn.2005). In contrast, the OHE implicates national concerns and has been rejected across the nation. And as before, the Court should resolve any doubts as to whether the claimant has stated a cause of action within the coverage of the policy in favor of the insured. *Moore & Assocs. Inc.*, 216 S.W.3d at 305.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Lopez respectfully prays that the Court grant her Motion for Summary Judgment Regarding Plaintiff Canal's Duty to Defend in its entirety. Defendant Lopez further prays that the Court grant her any and all other relief, whether general or special, at law or in equity, to which she may be justly entitled.

[Signature Block on Subsequent Page]

        Respectfully submitted,

        **JIM S. ADLER & ASSOCIATES**

        /s/ Langdon "Trey" Smith
        Langdon "Trey" Smith
        Fed ID: 20498
        Texas State Bar No. 00797456
        1900 West Loop South, 20th Floor
        Houston, Texas 77027
        T: (713) 735-2114
        F: (713) 781-2514
        lsmith@jimadler.com

        ATTORNEY FOR DEFENDANT
        JESSICA LOPEZ

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _____ day of April, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by certified mail, return receipt requested. Parties may access this filing through the Court's electronic filing system.

        /s/ Langdon "Trey" Smith
        Langdon "Trey" Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | EP-13-CV-156-KC |
| | § | |
| XMEX TRANSPORT, LLC, et al. | § | |
| | § | |
| *Defendants.* | § | |

**ORDER GRANTING DEFENDANT JESSICA LOPEZ'S MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFF CANAL'S DUTY TO DEFEND**

ON THIS DAY came to be heard Defendant Lopez's Motion for Summary Judgment Regarding Plaintiff Canal's Duty to Defend. The Court, having considered the Motion, any Response, the pleadings, the evidence, and any arguments of counsel, is of the opinion that the Motion is meritorious and should be GRANTED in all things. It is therefore:

ORDERED, ADJUDGED, AND DECREED that Defendant Lopez's Motion for Summary Judgment Regarding Plaintiff Canal's Duty to Defend is GRANTED. Pursuant to the provisions of the commercial automobile policy numbered PIA06033700, Plaintiff Canal Insurance Company has a duty to defend (1) XMEX Transport, LLC, (2) Charles "Chip" Strader, and (3) the Estate of Roger Franceware in Cause No. 2010-4169 in the 168th District Court for El Paso County, Texas.

Signed this _____ day of _____, 2014

_____
JUDGE PRESIDING