IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

168TH JUDICIAL DISTRICT

| | |
|---|---|
| LORENA MUNOZ, Individually and on behalf of the Estate of LORENZO MUNOZ, and as Next Friend of CM, a Minor Child, LESLIE MUNOZ and VIRGINIA MUNOZ,<br><br>          Plaintiffs,<br><br>and<br><br>JESSICA LOPEZ as Next Friend of AF and JL Minor Children and heirs to the Estate of ROGER FRANCEWARE, Deceased,<br><br>          Plaintiffs,<br><br>and<br><br>ROSA FRANCEWARE, Individually and as Next Friend of ELF, a Minor Child and Estate of ROGER FRANCEWARE (Deceased),<br><br>          Intervenor.<br><br>vs.<br><br>MOORE FREIGHT SERVICES, INC., A-Z TRAILERS INC., XMEX TRANSPORT, LLC., CHARLES CHIP STRADER, GOAL TRANSPORTS, INC. d/b/a CALVIN K. TRANSPORTATION LLC. and ANDRES SOTELO and TRANS FRONT, INC.<br><br>          Defendants. | Cause No. 2010-4169 |

## MUNOZ PLAINTIFFS' AMENDED PETITION OF MARCH 10, 2014

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW LORENA MUNOZ, Individually and on behalf of the Estate of LORENZO MUNOZ, and as Next Friend of CM, a Minor Child and LESLIE MUNOZ and VIRGINIA MUNOZ, (hereinafter called "Munoz Plaintiffs"), complaining of MOORE

1

**EXHIBIT A**

FREIGHT SERVICES, INC., (hereinafter called "Defendant Moore"), A-Z TRAILERS, INC. (hereinafter referred to as "Defendant A-Z") and XMEX TRANSPORTS, LLC. and CHARLES CHIP STRADER (hereinafter jointly and severally referred to as "Defendant XMEX/Strader") and GOAL TRANSPORTS, INC. d/b/a CALVIN K. TRANSPORTATION LLC. (hereinafter referred to as "Defendant GOAL"), ANDRES SOTELO and TRANS FRONT, INC. (hereinafter jointly and severally referred to as "Defendant TRANS FRONT") and would show the Court and/or Jury the following:

## I.

Plaintiffs are residents of El Paso County, Texas.

Defendant MOORE is a foreign corporation doing business in the State of Texas by contracting by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state, by committing a tort in whole or in part in the State of Texas or by recruiting Texas residents, directly or through an intermediary located in the State of Texas, for employment inside or outside this state. Service of process has been served on this Defendant and a copy of this pleading is being mailed to its attorney of record.

Defendant A-Z has been served with process and a copy of this pleading is being mailed to its attorney of record.

Defendant XMEX/STRADER has been served with a process and a copy of this pleading is being mailed to their attorney of record.

Defendant GOAL is a Texas Corporation. Service of process has been served on this Defendant and a copy of this pleading is being mailed to its attorney of record.

Defendant ANDRES SOTELO has been served with process and a copy of this pleading is being mailed to its attorney of record.

Defendant TRANS FRONT, INC. has been served with process and a copy of this pleading is being mailed to its attorney of record.

All Defendants have been served with process.

## II.

Discovery will be conducted in Level III.

## III.

This is an action for damages instituted by Plaintiff LORENA MUNOZ, being the surviving spouse of LORENZO MUNOZ against Defendants, wherein Defendants are liable in monetary damages to Plaintiffs because of common law and statutory negligence, wrongful death and survivorship rights and in punitive damages.

Plaintiff LORENA MUNOZ is the personal representative of the Estate of LORENZO MUNOZ, who was killed in the incident made the subject of this suit.

Plaintiff CM is the minor child of LORENZO MUNOZ, Deceased. Plaintiff Leslie Munoz and Virginia Munoz are adult surviving children of Lorenzo Munoz.

## IV.

Defendant A-Z and Defendant Goal have designated Trans Front, Inc. as a responsible 3rd party. As such, Trans Front is added as a Defendant for the claims made by Defendants A-Z and Defendant Goal.

## V.

The injuries and damages suffered by Plaintiffs and made the basis of this action arose out of an occurrence on or about August 17, 2010 in Mitchell County, Texas. At such time LORENZO MUNOZ was a passenger in a tractor owned by Defendant Moore, and under the control of Defendants Moore, Xmex and Strader, pulling a trailer owned by Defendant A-Z and

such trailer was leased, maintained and serviced by Defendant Goal and being driven by Defendants' Moore and Xmex/Strader's employee or agent, or statutory employee of Defendant A-Z and Goal, Roger Franceware. On that date, Roger Franceware was carrying a load (hereinafter referred to as a "Renegade" load) that was to profit not, Defendant Moore, but Defendant Xmex and Defendant Strader, and was driving a 2007 International truck tractor owned by Defendant Moore. On information and belief, Defendant Goal, with no written authorization from the owner Defendant A-Z, sub-leased the Trailer to Defendant Transfront. On or about August 16, 2010, Roger Franceware who was then and there in the course and scope of his employment with Defendants Moore and Defendants Xmex/Strader, attached the trailer, owned by Defendant A-Z and leased by Defendant Goal, to the tractor and began a drive to Mascot, Tennessee in the company of his passenger, Plaintiff Lorenzo Munoz who had submitted an application with Defendant Moore and was being driven to Masot, Tennessee where he would receive an interview, testing and complete the hiring process and if hired, go through a Defendant Moore Orientation. In the early morning hours of August 17th, while driving said Tractor/Trailer, Defendant Moore/Xmex/Strader's employee/agent in the course and scope of his employment veered off the highway, probably due to a mechanical problem in the tractor, and crashed into a concrete embankment, where the tractor/trailer burst into flames, trapping and killing Plaintiff, Lorenzo Munoz and Roger Franceware. All Defendants are liable for the acts of their agent/employee, Roger Franceware, pursuant to the Doctrine of Respondeat Superior; master/servant.

At all times, including August 16 & August 17, 2010 Plaintiff Lorenzo Munoz was not employed by any Defendant, therefore, pursuant to the MCS-90 endorsement for Motor Carrier policies of insurance for public liability under Section 29 and 30 of the Motor Carrier Safety Act

of 1980, Plaintiff Lorenzo Munoz was covered under the policies of insurance issued by Canal Insurance Company to both Defendant Moore and Defendant X-Mex. *See* section XVIII *supra*.

## VI.

Prior to August 17, 2010 and completely unknown to Plaintiff Lorenzo Munoz, the majority owner and president of Defendant Moore, Dan Moore had negligently allowed a high level employee of Defendant Moore, Defendant Charles Strader to run renegade loads using Moore Freight Inc. equipment. Specifically, Dan Moore, was negligent and grossly negligent in ignoring very compelling evidence that Charles Strader was running renegade loads. A reasonable person would not have ignored such evidence, but instead would have confronted, Mr. Strader and fired him. Had Dan Moore fired Charles Strader the renegade load of August 16th-17th, 2010 would never have taken place and Lorenzo Munoz would not have died that day.

## VII.

Specifically, Dan Moore was negligent and/or grossly negligent of ignoring the following evidence: In the summer of 2010, Dan Moore noticed a change in Charles Strader's demeanor, attitude, clothes, car, going to the bank every day and in the parking lot at all hours of the day using the cell phone, Dan Moore heard from his friend who had a trucking business that Charles Strader was doing renegade loads, Dan Moore knew that Mr. Strader was not entering loads in the computer, that a driver, Roger Franceware, had not turned in logs for an entire month and had run up more than $6,000.00 in fuel charges. Dan Moore was told by his maintenance manager that several trailers were "pinged" (located by GPS) in areas of Texas that they had no business in, and that in locations in Kansas, there were more than two trailers dedicated to one tractor, that Charles Strader had bought 3 trucks on August 5th and 15 trailers and that on August 6, 2010 Charles Strader had bought liability insurance for Xmex Transport, LLC. All of these actions by

Defendant Strader, either singly or in combination were enough to get Defendant Strader fired. The failure to fire Defendant Strader was a proximate cause of the deaths of Lorenzo Munoz and Roger Franceware.

## VIII.

Pleading strictly in the alternative, and without waiving the foregoing paragraphs, in the unlikely event that a jury should conclude that Plaintiff Lorenzo Munoz was driving, a fact which is specifically disputed, Plaintiffs allege that Defendants Moore, Xmex/Strader/A-Z and Goal are liable because Defendants' employee, agent/representative Roger Franceware was negligent, and/or grossly negligent, in requesting that Lorenzo Munoz drive. Defendants employee, agent/representative Roger Franceware knew or should have known that Lorenzo Munoz, as a non-employee of Defendants, was simply not authorized to be driving the vehicle. If Roger Franceware, an employee/agent/representative of Defendants, was tired and could not proceed, he merely had to pull over and sleep until he could continue. Under no circumstances, should Roger Franceware have requested or allowed Lorenzo Munoz to drive, because Mr. Munoz was not authorized to drive. Under these facts, Roger Franceware, and his actual and statutory employers, namely Defendants, Moore/Xmex/Strader/A-Z and Goal are liable, including under Respondeat Superior principles for allowing Lorenzo Munoz to drive. Therefore, all Defendants are liable. Roger Franceware (and therefore, all Defendants) simply should not have allowed Lorenzo Munoz to drive, under any circumstances at the time of this incident. On information and belief, on August 17, 2010 the tractor veered off the highway due to a mechanical problem in the tractor.

In summary, Lorenzo Munoz is either not the driver and therefore, blameless for the wreck or if he was the driver, he should never have been allowed to drive, period, by the

6

Defendants.

## IX.

Defendants were negligent and grossly negligent in proximately causing the death of LORENZO MUNOZ and Plaintiffs' damages. This occurrence caused substantial injuries and eventual death to the person of LORENZO MUNOZ, Deceased.

## X.

Defendant Xmex, through its manager employee, Charles Strader, was negligent and/or grossly negligent, is running a renegade load involving Defendant Moore's tractor, and Defendant A-Z's trailer and such gross-negligence was a proximate cause of the death of Lorenzo Munoz. Had this load, been entered on the Defendant Moore's computer on the 13th of August, 2010 when it was contracted for, both the truck #311 and the driver, Roger Franceware were available to leave on that date, and Lorenzo Munoz would have left as a passenger on the 13th, and the trip would have been completed by the 16$^{th}$th, and Lorenzo Munoz would have completed Defendant Moore's orientation process and he would not have been in Texas on the 17th, 2010 and he would not have died. Therefore, Defendant Xmex/Straders' negligence and/or gross negligence in running a renegade load is a proximate cause of the death of Lorenzo Munoz.

## XI.
## NEGLIGENCE

Plaintiffs allege that the injuries and damages were proximately caused by the negligence/gross negligence of Defendants MOORE/A-Z/GOAL/XMEX/STRADER and TRANSFRONT. Further, Defendant Goal was negligently in allowing the trailer belonging to Defendant A-Z to even be attached to the Defendant Moore tractor. Such negligence, was a proximate cause of this incident because Defendant Goal, was not authorized to sub-lease the trailer to anybody and had Defendant Goal not sub-leased this trailer to Defendant Transfront,

7

this collision would never have occurred.

## XII.

Plaintiff LORENA MUNOZ has sustained injuries and damages as a result of the wrongful death of her husband, LORENZO MUNOZ, including, but not limited to the following:

(a) Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value.
(b) Loss of Decedent's society and companionship, love, affection, advice, services, society, comfort, protection, attention and other unliquidated damages.
(c) Loss of inheritance, gifts, benefits, and other valuable gratuities.
(d) Loss of household services.
(e) Mental anguish, pain and suffering and emotional distress.
(f) Loss of Consortium.

By reason of the foregoing, Plaintiff LORENZA MUNOZ has been damaged in an amount to be determined by the Jury, but because Defendants have insisted that Plaintiffs Munoz allege an amount, Lorena Munoz alleges the amount of $10,000,000.00.

## XIII.

Plaintiffs would show that as a result of the occurrence, LORENZO MUNOZ, and his estate were severely damaged. LORENZO MUNOZ, Decedent, suffered injuries to his body. Plaintiff LORENZO MUNOZ suffered damages, including but not limited to:

(a) Conscious pain, suffering and excruciating physical agony prior to death.
(b) Funeral and Burial expenses.

By reason of the foregoing, Plaintiff LORENZO MUNOZ has been damaged in an amount to be determined by the Jury, but because Defendants have insisted that Plaintiffs Munoz allege an amount, the Estate of Lorenzo Munoz alleges the amount of $500,000.00.

LORENZO MUNOZ sustained bodily injuries and died.

## XIV.

Plaintiff CM, a Minor Child and LESLIE MUNOZ have sustained injury and damages as a result of the wrongful death of their father, LORENZO MUNOZ including but not limited to the following:

>   (a)   Pecuniary loss, including the loss of the care, maintenance, support, services, advise, counsel, guidance and reasonable contributions of pecuniary value.
>   (b)   Loss of inheritance, gifts, benefits, and other valuable gratuities.
>   (c)   Mental anguish, pain and suffering and emotional distress.
>   (d)   Loss of their father's love, affection, advice, counsel, care, comfort, consortium, protection, services, attention, society and companionship.

By reason of the foregoing, Plaintiffs LESLIE and CM have been damaged in an amount to be determined by the Jury, but because Defendants have insisted that Munoz Plaintiffs allege an amount, Plaintiffs Leslie and CM allege the amount of $5,000,000.00.

## XV.

Plaintiff VIRGINIA MUNOZ has sustained injury and damages as a result of the wrongful death of her father, LORENZO MUNOZ including but not limited to the following:

>   (a)   Pecuniary loss, including the loss of the care, maintenance, support, services, advise, counsel, guidance and reasonable contributions of pecuniary value.
>   (b)   Loss of inheritance, gifts, benefits, and other valuable gratuities.
>   (c)   Mental anguish, pain and suffering and emotional distress.
>   (d)   Loss of her father's love, affection, advice, counsel, care, comfort, consortium, protection, services, attention, society and companionship.

By reason of the foregoing, Plaintiffs VIRGINIA MUNOZ has been damaged in an amount to be determined by the Jury, but because Defendants have insisted that Plaintiffs Munoz allege an amount, Plaintiff Virginia Munoz alleges the amount of $2,000,000.00.

## XVI.

Plaintiffs would show that the acts and omissions of Defendants as set forth above were

in heedless and reckless disregard for the rights and safety of LORENZO MUNOZ and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiffs and Decedent so as to constitute gross negligence and/or malice being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiffs. Plaintiffs are entitled to punitive damages in an amount to be set by the Jury.

### XVII.

Plaintiffs respectfully requests trial by jury of the issues in this case.

### XVIII.

**The MCS-90 endorsement.** The MCS-90 endorsement to the policy of insurance issued by Canal Insurance Company to both Defendant Moore and Defendant X-Mex provides in relevant part as follows:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).
>
> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 **regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.** Such insurance as is afforded for public liability does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. **It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured.** However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and

effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

**It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.**

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of any one accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

*See* Doc. 1-10, pp. 54-55 (MCS-90 Endorsement to Policy) in *Canal Insurance Co. v. XMEX Transport, LLC, et al,* No. EP-13-CV-156-KC, in the United States District Court, Western District of Texas (emphasis added). The MCS-90 endorsement does not change or modify terms of the underlying policy as between an insured and an insurer, but the endorsement in effect acts as a surety "by reading out of the [underlying] policy excess- and other-insurance clauses as against injured members of the public." *See Canal Ins. Co. v. First General Ins. Co.,* 889 F.2d 604, 611 (5th Cir. 1989) (*"First General"*); *see also T.H.E. Ins. Co. v. Larsen Intermodal Services, Inc.,* 242 F.3d 667, 672-73 (5th Cir. 2001) ("consistent with this line of reasoning [that the MCS-90 endorsement is in effect a suretyship by the insurer to protect the public], we have held that the endorsement accomplishes its purposes by reading out only those clauses in the policy that would limit the ability of a third party victim to recover for his loss . . .").

Therefore, pursuant to the MCS-90 endorsement for Motor Carrier policies of insurance for public liability under Section 29 and 30 of the Motor Carrier Safety Act of 1980, Plaintiff Lorenzo Munoz was covered under the policies of insurance issued by Canal Insurance Company to both Defendant Moore and Defendant X-Mex.

11

Lorenzo Munoz was also covered under the policies of insurance issued by Canal Insurance Company because its acts and conduct in continuing its defense of Defendant Moore and Defendant X-Mex under the policy throughout this litigation has expanded policy coverage under equitable doctrines of waiver, laches, and/or estoppel. *See, e.g., T.H.E. Ins. Co. v. Larsen Intermodal Services, Inc.,* 242 F.3d at 674 ("[m]oreover, as we have already indicated, the MCS-90 does not alter the existing policy obligations between the insured and the insurer. We must determine then whether there was coverage for the tractor, either under the terms of the Policy, or because [the insurance company] expanded the scope of coverage under the Louisiana law of waiver when it provided a defense to Larsen.").

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs requests that the Defendants be cited to appear and answer, and that upon final trial, Plaintiffs have judgment against Defendants for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, punitive damages and for such other and further relief, general and special, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiffs
109 North Oregon, 12th Floor
El Paso, Texas 79901
JamesScherr@scherrlegate.com
Roaxaca@scherrlegate.com
(915) 544-0100
(915) 532-1759 Facsimile

*/s/ Roberto Oaxaca*
**JAMES F. SCHERR**
State Bar No. 1774540
**J. ROBERTO OAXACA**
State Bar No. 15161200

## CERTIFICATE OF SERVICE

I hereby certify that on this **10th day of March, 2014**, a true and correct copy of the foregoing was delivered to:

Christopher R. Johnston
Firth * Johnston * Martinez
415 North Mesa, Third Floor
El Paso, Texas 79901
(915) 532-7500

Carlos Rincon
Rincon Law Group, P.C.
1014 North Mesa Street, Ste. 200
El Paso, Texas 79902
(915) 532-6800

Langdon "Trey" Smith
Attorney at Law
1900 West Loop South, 20th Floor
Houston, Texas 77027-3214
(713) 735-2114

Enrique Moreno
Attorney at Law
701 Magoffin Ave.
El Paso, Texas 79901
(915) 533-9977
(915) 533-0033 Fax

George C. Burns
Adami, Shuffield, Scheihing & Burns, P.C.
SWBC Tower, Ste. 900
9311 San Pedro
San Antonio, Texas 78216
(210) 344-0500

Stewart Forbes
Forbes & Forbes
711 Myrtle
El Paso, Texas 79901
(915) 533-5441

Sal Rebe
Garcia & Rebe Law Firm, PLLC
3204 Montana Ave., Ste. A
El Paso, Texas 79903
(915) 307-7287
(915) 564-4848 Fax

_____
**JAMES F. SCHERR/J. ROBERTO OAXACA**