IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
EL PASO DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| XMEX TRANSPORT, LLC, CHARLES | § | |
| STRADER, LORENA MUNOZ, | § | |
| individually and on behalf of the | § | |
| ESTATE OF LORENZO MUNOZ, and | § | NO. 3:13-cv-00156-KC |
| as next friend of L. M. and C. M., | § | |
| minor children, VIRGINIA MUNOZ, | § | |
| ROSA FRANCEWARE, individually | § | |
| and as next friend of E. L. F., a minor, | § | |
| and as administratrix of the ESTATE | § | |
| OF ROGER FRANCEWARE, JESSICA | § | |
| LOPEZ, Administratrix of the | § | |
| ESTATE OF ROGER FRANCEWARE | § | |
| and as next friend of A. F. and J. F., | § | |
| minor children, A-Z TRAILERS, INC., | § | |
| DYKES & DYKES TRAILERS, INC., | § | |
| GOAL TRANSPORTS, INC. d/b/a | § | |
| CALVIN K.TRANSPORTATION, LLC, | § | |
| JOSE M. GOMEZ, ANDRES SOTELO, | § | |
| TRANS FRONT, INC., OSCAR | § | |
| FLORES, JOAQUIN CORTEZ | § | |
| SANCHEZ, TRANSPORTES | § | |
| AMERICANOS, and SMTC MEX-HOLD, | § | |
| Defendants. | § | JURY DEMANDED |

# MOTION FOR SUMMARY JUDGMENT OF CANAL INSURANCE COMPANY ON THE DUTY TO DEFEND

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................i

SUMMARY JUDGMENT STANDARD ...........................................................2

STATEMENT OF THE CASE ..........................................................................5

SUMMARY OF ARGUMENT ...........................................................................7

ARGUMENTS AND AUTHORITY  ...................................................................7

    1. No Coverage for Unlisted Vehicles .....................................................7

        A. Under the Plain Language of the Policy the 2007 International
           Not Covered by Canal Insurance Policy ....................................7

        B.  MCS-90 Does Not Expand Coverage to Unlisted Vehicles .........8

    2. The Employee Exclusion and the Fellow Employee Exclusion Eliminate
    Any Duty to Defend ...........................................................................11

    3. Occupant Hazard Endorsement ......................................................19

CONCLUSION AND PRAYER ........................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Aberdeen Ins. Co. v. Bovee*, 777 S.W.2d 442 (Tex. App. – El Paso 1989, *no writ*) .................................................................................................... 11

*American Alliance Ins. Co. v. Frito Lay*, 788 S.W.2d 152, 153 (Tex. App.-- Dallas 1990, writ dism'd.); ............................................................. 4

*Amerisure Mut. Ins. Co. v. Carey Transp., Inc.*, Michigan Court of Appeals No. 270339 (2007), appeal denied by, 479 Mich. 851 (2007) ....................... 12

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). ............................................................................................ 2

*Assicurazioni Generali v. Pipe Line Valve Specialties Co., Inc.*, 935 F.Supp. 879 (S.D. Tex. 1996) ...................................................................... 12

*Basha v. Ghalib*, 2008 WL 3199464 (Ohio App. 10 Dist. 2008)....................... 19

*Branson v. MGA Insurance Company, Inc.*, 673 So. 2d. 89 (Fla. App. 1996). ............................................................................................ 11

*Brown v. Indiana Ins. Co.*, 184 S.W.3d 528 (Ky. 2005) .................................... 12

*Canal Indemnity Co. v. TexCom Transportation,* – F.Supp.2d –, 2010 WL 2301007 (N.D. Tex. 2010); ........................................................11, 17, 18, 19

*Canal Ins. Co. v. First General Ins. Co.*, 889 F.2d 604, 610-11 (5th Cir. 1989) ............................................................................................... 9, 11

*Canal Ins. Co. v. Flores,* – F. Supp. 2d –, 2009 WL 1033770 (W.D. Tex. 2009). ............................................................................................ 11

*Canal Ins. v. A & R Transp.*, 357 Ill.App.3d 305, 293 Ill.Dec. 61, 827 N.E.2d 942 (2005)........................................................................... 12

*Carolina Casualty Ins. Co. v. Insurance Co. of North America*, 595 F,2d 128, 144 (3rd Cir. 1979)................................................................... 9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553- 54 (1986) ............................................................................................ 2

*Centennial Ins. Co. v. Bailey*, 2000 WL 1515158 (Tex. App. – Dallas 2000) ..... 11

*Century Indemnity Co. v. Carlson*, 133 F.3d 591, 595 (8th Cir. 1998) .............. 11

*Consumers County Mut. Ins. Co. v. PW & Sons, Trucking, Inc.*, 307 F.3d
362 (5th Cir. 2002)..........................................................11, 13, 14, 15, 18, 19

*Employers Casualty Co. v. Block*, 744 S.W.2d 940, 945 (Tex. 1988)..................5

*Fidelity & Guaranty Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787,
788 (Tex. 1982). .......................................................................................3

*General Security Insurance Company v. Barrentine*, 829 So. 2d. 980, 984
(Fal. App. 2002) .....................................................................................11

*Gremillion v. Gulf Coast Catering Co.*, 904 F.2d 290, 292 (5th Cir. 1990). .........3

*GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305,
308–09 (Tex. 2006).....................................................................................4

*Harco National Ins. Co. v. Bobac Trucking, Inc.*, 107 F.3d 733, 735-36 (9th
Cir. 1997) .............................................................................................8, 9

*Heyden Newport Chem. Corp. v. Southern Gen. Life Ins. Co.*, 387 S.W.2d
22 (Tex. 1965) ............................................................................................3

*John Deere Ins. Co. v. Trucking USA*, 122 F.3d 270, 272-274 (5th Cir.
1997) ..................................................................................................9, 11

*Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). ..........2

*Lechuga v. Southern Pac. Transp. Co.*, 949 F.2d 790, 794 (5th Cir. 1981) .........3

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). ...........................2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587, 106 S.
Ct. at 1356 (quoting FED. R. CIV. P. 56(e)) ....................................................3

*National Am. Ins. Co. v. Central State Carrier, Inc.*, 785 F.Supp. 793, 797
(D. Ind. 1992)............................................................................................9

*National Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d
139 (Tex. 1997) .........................................................................................4

*Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th
Cir.2004)   ................................................................................................4

*Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 475-76 (5th
Cir. 2009) ...................................................................4, 11, 15, 16, 18, 19

*Perry v. Harco National Ins. Co.*, 129 F.3d 1072 (9th Cir. 1997) .......................12

ii

*Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546 (5th Cir. 2004). .................................................................................. 5

*Richter v. Merchants Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996) (per curiam) ................................................................................ 3

*Star-Tex Res., L.L.C. v. Granite State Ins. Co.*, 2014 WL 60192 (5th Cir. 2014) ....................................................................................... 5

*State Farm Fire & Casualty Co. v. Wade*, 827 S.W.2d. 448 (Tex. App. -- Corpus Christi 1992, writ denied). ............................................... 3

*T.H.E. Ins. Co. v. Larson Intermodal Services, Inc.*, 242 F.3d 667-671, 672-74 (5th Cir. 2001) ........................................................... 9, 11

*Telepak v. United Servs. Auto. Ass'n*, 887 S.W.2d 506, 507 (Tex. App. -- San Antonio 1994, writ denied); ................................................ 5

*Texas United Ins. Co. v. Burt Ford Enter. Inc.*, 703 S.W.2d 828, 834 (Tex. App.--Tyler 1986, no writ). .......................................................... 4

*Thompson v. Harco Nat. Ins. Co.*, 120 S.W.3d 511 (Tex. App. -- Dallas 2003, pet. denied, cert. denied, 543 U.S. 876 (2004) ................... 8

*Travelers Indemnity Co. v. Western American Specialized Transportation Services, Inc.*, 409 F.3d 256, 260 (5th Cir. 2005). .......................... 8

*Truck Ins. Exchange v. Musick*, 902 S.W.2d 68 (Tex. App. -- Fort Worth 1995, *writ denied*) ..................................................................... 11

*W. Heritage Ins. Co. v. River Entm't*, 998 F.2d 311, 314–15 (5th Cir. 1993). ................................................................................... 4

*Ward v. State Farm Mut. Ins. Co.*, 241 F.2d 134 (5th Cir. 1957). ...................... 12

*Westchester Fire Ins. Co. v. American General Fire and Casualty Company*, 790 S.W.2d 816 (Tex. App. – Austin 1990, *no writ*) ..................... 11

**Rules**

FED.R.CIV.P. 56(e) ......................................................................... 3

49 C.F.R. §490.5 ............................................................. 12, 13, 14, 15, 16

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
EL PASO DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| XMEX TRANSPORT, LLC, CHARLES | § | |
| STRADER, LORENA MUNOZ, | § | |
| individually and on behalf of the | § | |
| ESTATE OF LORENZO MUNOZ, and | § | NO. 3:13-cv-00156-KC |
| as next friend of L. M. and C. M., | § | |
| minor children, VIRGINIA MUNOZ, | § | |
| ROSA FRANCEWARE, individually | § | |
| and as next friend of E. L. F., a minor, | § | |
| and as administratrix of the ESTATE | § | |
| OF ROGER FRANCEWARE, JESSICA | § | |
| LOPEZ, Administratrix of the | § | |
| ESTATE OF ROGER FRANCEWARE | § | |
| and as next friend of A. F. and J. F., | § | |
| minor children, A-Z TRAILERS, INC., | § | |
| DYKES & DYKES TRAILERS, INC., | § | |
| GOAL TRANSPORTS, INC. d/b/a | § | |
| CALVIN K.TRANSPORTATION, LLC, | § | |
| JOSE M. GOMEZ, ANDRES SOTELO, | § | |
| TRANS FRONT, INC., OSCAR | § | |
| FLORES, JOAQUIN CORTEZ | § | |
| SANCHEZ, TRANSPORTES | § | |
| AMERICANOS, and SMTC MEX-HOLD, | § | |
| Defendants. | § | JURY DEMANDED |

## MOTION FOR SUMMARY JUDGMENT OF
## CANAL INSURANCE COMPANY ON THE DUTY TO DEFEND

TO THE COURT:

Canal Insurance Company ("Canal"), Plaintiff, files this Motion for Summary Judgment on the Duty to Defend. In support of its Motion, Canal shows this Court as follows:

1

## SUMMARY JUDGMENT STANDARD

1.      Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material facts exists and that, as a matter of law, the movant is entitled to judgment. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Only disputes about those facts will preclude the granting of summary judgment. *Id.*  In a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.,* 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the movant for summary judgment need not support the motion with evidence negating the opponent's case; rather, the movant may satisfy its burden by showing that there is an absence of evidence to support the non-movant's case. *Id.*; *Little,* 37 F.3d at 1075.

2.      Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553- 54 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' ... by 'conclusory allegations,' ... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 871- 73, 110 S. Ct. 3177, 3180 (1990); *Hopper v.*

*Frank,* 16 F.3d 92, 97 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). Rather, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S. Ct. at 1356 (quoting FED. R. CIV. P. 56(e)).

3.      In determining whether a genuine issue for trial exists, the court must view all of the evidence in the light most favorable to the non-movant. *Richter v. Merchants Fast Motor Lines, Inc.,* 83 F.3d 96, 98 (5th Cir. 1996) (per curiam); *Gremillion v. Gulf Coast Catering Co.,* 904 F.2d 290, 292 (5th Cir. 1990). If the moving party seeks to establish the absence of a material fact through the submission of affidavits, depositions, admissions, or responses to interrogatories, the non-movant may not rely solely on mere allegations or denials. Rather, the non-movant must demonstrate the existence of an issue of material fact necessitating resolution by trial through similar evidentiary materials setting forth specific facts. FED.R.CIV.P. 56(e); *Lechuga v. Southern Pac. Transp. Co.,* 949 F.2d 790, 794 (5th Cir. 1981).

4.      Texas coverage law requires an insurer to defend only those cases within a policy's coverage. *Fidelity & Guaranty Ins. Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex. 1982). A court examines the plaintiff's allegations in the original petition to determine whether the facts alleged lie within the coverage of the policy, without regard to the truth or falsity of those allegations. *Id.; Heyden Newport Chem. Corp. v. Southern Gen. Life Ins. Co.,* 387 S.W.2d 22 (Tex. 1965); *State Farm Fire & Casualty Co. v. Wade,* 827 S.W.2d 448 (Tex. App.--Corpus Christi 1992, writ denied).

5.     In general, the court compares the petition of the plaintiff to the terms of the policy, including exclusions, in order to determine coverage from the "eight corners" of the two documents. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d 139 (Tex. 1997); *American Alliance Ins. Co. v. Frito Lay*, 788 S.W.2d 152, 153 (Tex. App.--Dallas 1990, writ dism'd.); *Texas United Ins. Co. v. Burt Ford Enter. Inc.*, 703 S.W.2d 828, 834 (Tex. App.--Tyler 1986, no writ).  This rule of coverage is known as the complaint/allegation rule or the "eight corners" rule.

6.     Although the "eight corners" rule is generally applied, an exception to the rule has been recognized by the Fifth Circuit.  In the case of *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 475-76 (5th Cir. 2009),  the Fifth Circuit recognized and utilized the narrow exception to the "eight corners" rule in determining coverage in a single vehicle trucking accident.   See,  also,  *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir.2004); *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308–09 (Tex.2006); *See, e.g., W. Heritage Ins. Co. v. River Entm't*, 998 F.2d 311, 314–15 (5th Cir.1993).

7.     As the Fifth Circuit recently stated:

> Further, we have suggested that extrinsic evidence is more likely to be considered when an "explicit policy coverage exclusion clause[ ]" is at issue. *See Liberty Mut. Ins. Co. v. Graham,* 473 F.3d 596, 603 (5th Cir.2006); *see also Oodia,* 579 F.3d at 476 (considering extrinsic evidence to determine whether deceased was tandem truck driver because coverage depended on applicability of fellow-employee exclusion); *W. Heritage Ins. Co. v. River Entertainment,* 998 F.2d 311, 314–15

4

(5th Cir.1993) (considering extrinsic evidence demonstrating that cause of defendant's "impairment" was intoxication, triggering application of insurance policy's liquor-liability exclusion); *Boll,* 392 at 160–61 (considering extrinsic evidence that underlying car accident occurred while insured's son was operating the vehicle, thereby excluding coverage*). Star-Tex Res., L.L.C. v. Granite State Ins. Co.,* 2014 WL 60192 (5th Cir. 2014).

8.     Consequently, to the extent necessary, this Court can consider extrinsic evidence in determining the duty to defend.

9.     In the insurance coverage context, an insured or claimant seeking coverage bears the initial burden of proving that a loss is covered under the terms of an insurance policy.  The burden then shifts to the insurance carrier to demonstrate an exclusion applies.  Once the insurer has established that an exclusion applies, the insured then has the burden of proving the application of an exception to the exclusion. *Telepak v. United Servs. Auto. Ass'n*, 887 S.W.2d 506, 507 (Tex. App.-San Antonio 1994, writ denied); *Employers Casualty Co. v. Block*, 744 S.W.2d 940, 945 (Tex.1988). In other words, the insured or claimant seeking coverage bears the initial burden of showing that there is coverage, while the insurer bears the burden of proving applicability of any exclusions. Once the insurer has proven that an exclusion applies, the burden shifts back to the insured or claimant to show that claim falls within an exception to the exclusion. *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546 (5th Cir. 2004).

## STATEMENT OF THE CASE

10.     Canal Insurance Company issued a policy of insurance, policy number

PIA06033700 to Xmex Transport LLC (the "Policy") with a policy period from 8/6/2010 until cancelled. (See, policy, Exhibit "A", page CANAL 001).

11.    An accident took place on August 17, 2010 involving a 2007 International tractor with VIN 2HSCNSCR57C432781. (See, accident report, Exhibit "B", page CANAL 072). In the single vehicle accident, Roger Franceware and Lorenzo Munoz died. Both Franceware and Munoz were occupants in the cab of the 2007 International at the time of the accident.

12.    Under the Business Auto Declarations for the Canal Policy, only those autos that fell under symbol "7" were covered autos for liability purposes. (See, Exhibit "A", page CANAL 023).

13.    Under the Business Auto Coverage Form, symbol "7" refers to "Specifically Described Autos", which in turn is defined as "only those 'autos' described in Item Three of the declarations for which a premium charge is shown (and for Liability coverage any 'trailers' while attached to any power unit described in Item Three)." (See, Exhibit "A", page CANAL 028).

14.    In Item Three of the Canal Policy, three vehicles are described: a 2005 International with a VIN of 2HSCNAPR45C034815; a 2005 International with a VIN 2HSCNAPR05C034505; and a 2005 International with a VIN of 2HSCNAPR85C034817. (See, Exhibit "A", page CANAL 024).

15.    The vehicle involved in the accident, the 2007 International with VIN 2HSCNSCR57C432781, was not a specifically described vehicle on the Canal Policy.

16.    According to the accident report, Munoz was driving at the time of the

6

accident.

17.    Following the accident, a number of persons sued Xmex and Charles Strader. (See, petitions, attached as Exhibits "C", "D" and "E" (collectively, the "Underlying Lawsuits") beginning at pages CANAL 0076, CANAL 0091 and CANAL 105). In each of these petitions, the claimants seek recovery against Xmex and Charles Strader as a principal of Xmex.

SUMMARY OF ARGUMENT

18.    Because the vehicle in the accident was not a specifically listed vehicle under the Canal Policy, no duty to defend either Xmex or Strader or Franceware exists. Because Franceware and Munoz were either employees or statutory employees of Xmex, no duty to defend either Xmex or Strader or Franceware exists. Because the Occupant Hazard Exclusion removes coverage for those occupying vehicles, no duty to defend either Xmex or Strader or Franceware exists.

ARGUMENTS & AUTHORITY

1. No Coverage for Unlisted Vehicles

A. Under the Plain Language of the Policy the 2007 International<br>Not Covered by Canal Insurance Policy

19.    The Canal Insurance Policy provides business auto coverage as follows:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and arising out of the ownership, maintenance or use, of a covered "auto." (See Exhibit "A", page CANAL 029).

20.    The Canal Policy does not provide coverage for vehicles that are not specifically described in Item Three of the declarations. The Canal Insurance

7

Policy does not list the 2007 International (VIN ending 32781) involved in the accident, and no premium was ever charged on the Canal Insurance Policy for the 2007 International.

21.   When an insurance policy requires a vehicle to be listed or scheduled on the liability policy, and that vehicle is not listed or scheduled, no insurance coverage exists for accidents involving the vehicle, and there is no duty to defend. *See, Harco National Ins. Co. v. Bobac Trucking, Inc.*, 107 F.3d 733, 735-36 (9th Cir. 1997) (policy provides no coverage for unlisted vehicle); *Thompson v. Harco Nat. Ins. Co.*, 120 S.W.3d 511 (Tex. App.-Dallas, 2003, pet. denied, cert. denied, 543 U.S. 876 (2004)) (policy provides no coverage for unlisted vehicle).

22.   Consequently, because the 2007 International is not listed on the Canal Insurance Policy, no coverage exist under the Canal Insurance Policy for any of the Plaintiffs' or Intervenors' claims in the Underlying Lawsuits, and Canal does not owe a duty to defend Xmex or Charles Strader.

23.   The Canal Insurance Policy contains a federally mandated endorsement, the MCS-90 Endorsement.  However, the MCS-90 does not impose a duty to defend on Canal.

### B. MCS-90 Does Not Expand Coverage to Unlisted Vehicles

24.   As opposed to an "ordinary insurance provision to protect the insured," the MCS-90 potentially impose "a suretyship obligation" on insurers of the named motor carrier but only under certain circumstances. *Travelers Indemnity Co. v. Western American Specialized Transportation Services, Inc.*, 409 F.3d 256, 260 (5th Cir. 2005).  Suretyship is an accessory contract by which a person binds

himself to a creditor to fill obligations of another upon the failure of the latter to do so. *Id.*

25.    Because the 2007 International tractor is not listed as a described vehicle on the Canal Insurance Policy, it does not qualify as an insured vehicle, and the MCS-90 will not step in to create coverage otherwise foreclosed by the policy. *See, John Deere Ins. Co. v. Trucking USA*, 122 F.3d 270, 272-274 (5th Cir. 1997); *Canal Ins. Co. v. First General Ins. Co.*, 889 F.2d 604, 610-11 (5th Cir. 1989); *T.H.E. Ins. Co. v. Larson Intermodal Services, Inc.*, 242 F.3d 667-671, 673-74 (5th Cir. 2001); *Carolina Casualty Ins. Co. v. Insurance Co. of North America*, 595 F,2d 128, 144 (3rd Cir. 1979); *National Am. Ins. Co. v. Central State Carrier, Inc.*, 785 F.Supp. 793, 797 (D. Ind. 1992).

26.    In *Harco Nat'l Ins. Co. v. Bobac Trucking, Inc.*, the Ninth Circuit held that the MCS-90 does not expand coverage to autos not covered under the main policy. *See* 107 F.3d 733 (9th Cir. 1997). In *Harco*, Stephen Burdick was injured when he was a passenger in a car that collided with a parked trailer unit that was jutting out into the street. The trailer was leased by, and the container was owned by, Cosco. The trailer carried a shipping container that had been delivered to Cosco's warehouse by Hon Kay Suen. Suen was a self-employed trucker acting as an independent contractor for the insured appellant Bobac Trucking Company. *See, Harco Nat'l Ins. Co. v. Bobac Trucking, Inc.*, 107 F.3d 733, 734 (9th Cir. 1997).

27.    Burdick sued multiple defendants in state court, including Bobac and Cosco. Harco denied the tender and refused to defend or indemnify Bobac

9

because neither Cosco's trailer nor Suen's tractor were listed in Bobac's policy's schedule of covered vehicles. Bobac's coverage under the Harco policy was limited to specifically described "autos." *Id* at 736.

28.    Harco filed a declaratory action in federal court. The Ninth Circuit stated that there was no dispute that there was no coverage under the terms of the policy because the policy issued to Bobac covered only "specifically described 'autos,'" and that neither the Cosco trailer nor the Suen tractor were specifically described autos. The Court held that because there was no coverage under the policy, then the MCS-90 does not expand coverage to the unlisted vehicles:

> Contrary to Bobac's assertions, federal courts have consistently stated that the MCS-90 endorsement does not create a duty to defend claims which are not covered by the policy but only by the endorsement. *Canal*, 889 F.2d at 612 ("Because the accident did not involve a listed vehicle, Canal had no duty [under the MCS-90] to defend Custom."); *National Am. Ins. Co. v. Central States Carriers, Inc.*, 785 F.Supp. 793, 797 (N.D.Ind.1992) ("[T]he [MCS-90] endorsement was clearly not an insurance policy requiring National American to defend Central States."); *see also Carolina Casualty Ins. Co. v. Insurance Co. of N. Am.*, 595 F.2d 128, 144 (3d Cir.1979) ("We conclude that nothing in the ... ICC endorsement alters otherwise existing duties to defend.").

> Both the district court and Harco are correct that the MCS-90 does not expand coverage to autos not covered under the main policy.

*See, Harco Nat'l Ins. Co. v. Bobac Trucking, Inc.*, 107 F.3d 733, 736-737 (9th Cir. 1997).

29.    In the case before this Court, the 2007 International involved in the accident is not a covered auto under the Canal Insurance Policy. Therefore,

10

because the vehicle was not a covered vehicle, parties seeking to establish coverage cannot establilsh that coverage exists, and Canal owes no duty to defend Xmex Transport, LLC or Charles Strader or Franceware. *See, Harco Nat'l Ins. Co. v. Bobac Trucking, Inc.*, 107 F.3d 733, 736-737 (9th Cir. 1997); *T.H.E. Ins. Co.*, 242 F.3d at 672-74; *John Deere Ins. Co. v. Trucking USA*, 122 F.3d 270, 272-274 (5th Cir. 1997); *Canal Ins. Co. v. First General Ins. Co.*, 889 F.2d 604, 610-11 (5th Cir. 1989); *Century Indemnity Co. v. Carlson*, 133 F.3d 591, 595 (8th Cir. 1998)*; General Security Insurance Company v. Barrentine*, 829 So. 2d. 980, 984 (Fal. App. 2002); *Branson v. MGA Insurance Company, Inc.*, 673 So. 2d. 89 (Fla. App. 1996).

### 2.     The Employee Exclusion and the Fellow Employee Exclusion Eliminate Any Duty to Defend

30.     Texas Courts and federal courts interpreting Texas law have long enforced the type of Employee Exclusion at issue in the case before this Court. *Consumers County Mut. Ins. Co. v.  PW & Sons, Trucking, Inc.*, 307 F.3d 362 (5th Cir. 2002); *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469 (5th Cir. 2009); *Canal Indemnity Co. v. TexCom Transportation*, – F.Supp.2d –, 2010 WL 2301007 (N.D. Tex. 2010); *Canal Ins. Co. v. Flores,* – F. Supp. 2d –, 2009 WL 1033770 (W.D. Tex. 2009)*; See, Westchester Fire Ins. Co. v. American General Fire and Casualty Company*, 790 S.W.2d 816 (Tex. App. – Austin 1990, *no writ*); *Centennial Ins. Co. v. Bailey*, 2000 WL 1515158 (Tex. App. – Dallas 2000); *Aberdeen Ins. Co. v. Bovee*, 777 S.W.2d 442 (Tex. App. – El Paso 1989, *no writ*); *Truck Ins. Exchange v. Musick*, 902 S.W.2d 68 (Tex. App. -- Fort Worth 1995,

*writ denied*); *Assicurazioni Generali v. Pipe Line Valve Specialties Co., Inc.*, 935
F.Supp. 879 (S.D. Tex. 1996); *See also, Perry v. Harco National Ins. Co.*, 129
F.3d 1072 (9th Cir. 1997); See, also, *Perry v. Harco Nat'l Ins. Co.*, 129 F.3d 1072
(9th Cir. 1997); *Amerisure Mut. Ins. Co. v. Carey Transp., Inc.*, Michigan Court of
Appeals No. 270339 (2007), appeal denied by, 479 Mich. 851 (2007); *Canal Ins.
v. A & R Transp.*, 357 Ill.App.3d 305, 293 Ill.Dec. 61, 827 N.E.2d 942 (2005);
*Ward v. State Farm Mut. Ins. Co.*, 241 F.2d 134 (5th Cir. 1957); *Brown v.
Indiana Ins. Co.*, 184 S.W.3d 528 (Ky. 2005),

31.   Because Franceware and Munoz were either direct employees or
statutory employees of Xmex, the Employee Exclusion eliminates coverage
available under the Canal Policy.

32.   The term "employee" as defined by the Federal Motor Carrier's Safety Act
includes Franceware and Munoz.  The regulation reads, in pertinent part, as
follows:

> Employee means any individual, other than an
> employer, who is employed by an employer and who in
> the course of his or her employment directly affects
> commercial motor vehicle safety.  Such term includes a
> driver of a commercial motor vehicle (including an
> independent contractor while in the course of operating
> a commercial motor vehicle), a mechanic, and freight
> handler.  *See*, 49 C.F.R. § 390.5.

33.   In the *PW & Sons* case, the court considered the application and effect of
the definition of "employee" listed above.  *Consumers County Mut. v. PW & Sons,
Trucking, Inc.*, 307 F.3d 362 (5th Cir. 2002).

34.   In *PW & Sons*, a trucking company hired two drivers to haul four loads to

various locations.  As noted by the Fifth Circuit in *PW & Sons*:

> Paillet and Bob delivered the four loads of plastic resin
> to their destinations without incident. On their return
> trip back to Texas, however, Paillet and Bob were
> involved in a one-vehicle accident in Virginia. At the
> time of the accident, Bob was driving the tractor-trailer
> and Paillet was asleep in the truck's sleeper bunk. Bob
> died at the scene of the accident. Paillet sustained
> serious injuries and remained in a coma for more than
> two months. Paillet later filed suit against PWS to
> recover for his injuries. PWS notified Consumers of the
> lawsuit and requested a defense and indemnity under
> its commercial auto insurance policy. *Id.* at 363-64.

35.    Consumers County challenged coverage based on the Employee

Exclusion and Fellow Employee Exclusion.

36.    In response to the argument made by Consumers County, PW & Sons

argued that the drivers were not employees, but were actually independent

contractors.  *Id.*  Consumers County argued that the definition of "statutory

employee" contained in 49 C.F.R. § 390.5 governed the coverage dispute and

operated to preclude coverage.  The trial court agreed with Consumers County,

and PW & Sons and the injured employee appealed.

37.    In affirming the decision of the trial court, the Fifth Circuit observed:

> There is no question that PWS's policy with
> Consumers was drafted to comply with federal
> insurance requirements. As a result, these
> requirements must inform our interpretation of the
> policy's terms. Section 390.5, which was enacted
> pursuant to authority granted by the Motor Carrier
> Safety Act, is central to this federal regulatory scheme.
> By eliminating the common law employee/independent
> contractor distinction, the definition serves to
> discourage motor carriers from using the independent
> contractor relationship to avoid liability exposure at
> the expense of the public. In light of the clear intention
> of the parties to comply with federal regulations and

13

the broad application of § 390.5 throughout those
regulations, it is reasonable to conclude that the
parties intended § 390.5 to supply the definition of the
term employee in the policy. *Id.* at 366.

38.     PW & Sons and Palliet further argued that the term "employee" should be

considered in the context of the claim being presented.  However, the *PW &*

*Sons* court rejected that argument, and noted that:

> We are not persuaded that the term "employee" should
> be given different meanings under an insurance policy
> depending on the context in which it is used.  Rather,
> we must interpret a policy's terms in view of the policy
> as a whole and its overall purpose. *Hartrick v. Great*
> *Am. Lloyds Ins. Co.*, 62 S.W.3d 270, 274 (Tex. Civ.
> App.-Houston [1st Dist.] 2001, no pet. h.) ("[W]e
> construe the terms of the policy as a whole, and
> consider all of its terms, not in isolation, but within
> the context of the policy.").  An example illustrates the
> problem with PWS's construction: In a case involving a
> collision between a negligent driver and an innocent
> third party, the driver would be considered an
> employee for purposes of coverage for a third-party's
> injuries.  The driver would be an independent
> contractor, however, to determine whether the
> employee exclusions preclude coverage for his injuries.
> Absent some indication in the policy, we cannot
> assume that the parties intended such a result. *PW &*
> *Sons*, 307 F.3d at 366-67.

39.     Ultimately, the Fifth Circuit in the *PW & Sons* case determined coverage

did not exist because of the application of the Employee Exclusion and the

Fellow Employee Exclusion.  In so holding, the *PW & Sons* court stated:

> In sum, we conclude that the district court properly
> relied on § 390.5 to determine that Paillet was an
> employee of PWS for purposes of the policy's employee
> exclusions. Because Paillet is an employee under §
> 390.5 regardless of whether he would have been
> considered an employee or an independent contractor
> at common law, the policy's employee exclusions apply

to preclude coverage in this case. *Id.* at 367.

40.     In the case of *Ooida Risk v. Williams*, the Fifth Circuit reinforced the

decision of *PW& Sons*, and held that the claims of a "statutory employee"

against the trucking company insured were barred by the Fellow Employee

Exclusion. *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469 (5th Cir.

2009).

41.     In *Williams*, a single vehicle accident occurred. At the time of the

accident, Derrick Shamoyne Williams driving the rig and Tony Moses was

riding in the sleeper berth of the tractor. The rig went over an embankment,

and Moses was killed. *Id.*

42.     After the accident, the family of Moses sued Williams, and Ooida Risk

provided a defense under a reservation of rights and then filed a declaratory

judgment action, seeking a declaration from the court that because of the

application of the Employee Exclusion, the Fellow Employee Exclusion, and the

Occupant Hazard Endorsement, no coverage existed. *Id.*

43.     The trial court denied the motion for summary judgment of Ooida Risk.

Ooida Risk appealed, and the Fifth Circuit reversed the decision of the trial

court and held that coverage did not exist because of the application of the

Fellow Employee Exclusion. *Id.*

44.     In reaching its conclusion, the Fifth Circuit in *Williams*, like the court in

*PW& Sons*, considered the definition of "statutory employee" under 49 C.F.R.

§390.5. As the *Williams* court noted:

> The complaint sets out the facts that establish that

15

> Williams was, at a minimum, an independent
> contractor. Intervenors alleged that "Moses
> occasionally asked Defendant to help him on long-haul
> jobs, and he paid Defendant for his help...." This
> description fits squarely within that of an independent
> contractor. Indeed, the facts as alleged by Intervenors
> are scarcely distinguishable from those in *Consumers
> County*, in which the driver of the vehicle was
> employed on a load-by-load basis by the insured
> trucking company. *See Consumers County*, 307 F.3d at
> 363-64. As an independent contractor, Williams
> qualifies as a statutory "employee" under § 390.5. *Id.*
> at 367, *see also Perry v. Harco Nat'l Ins. Co.*, 129 F.3d
> 1072, 1074-75 (9th Cir. 1997) (holding MCS-90
> Endorsement inapplicable with respect to driver who
> was independent contractor for insured trucking
> company.) *Williams*, 579 F.3d at 474.

45.     In reaching the ultimate conclusion that coverage was precluded, the

*Williams* court noted:

> It is clear from the record that Moses was tandem
> driving with Williams on the night the accident
> occurred. In Williams' deposition, he states that Moses
> "started the job [of driving the truck to Florida] and
> pick[ed] [Williams] up along the way," and that
> Williams joined him in Garland. The allegations
> contained in the Intervenors' complaint against
> Williams do not contradict this testimony. We therefore
> hold that Moses is a statutory "employee" under §
> 390.5 and the Fellow Employee exclusion applies to
> negate Ooida's duty to defend in the underlying suit.
> Because we find that the Fellow Employee Exclusion
> operates to deny coverage, we do not address the
> applicability of the Employee Indemnification or
> Workers Compensation Exclusions. *Williams*, 579
> F.3d at 476.

46.     The facts of the case before this Court fit squarely within the facts of

both the *PW & Sons* case and the *Williams* decision.  In each of the cases, a

tandem team of drivers were injured while operating a vehicle in interstate

commerce. In each case, the definition of "employee" contained in 49 C.F.R. §390.5 establishes without any material dispute that at the time of the accident that forms the basis of the Underlying Lawsuit, the drivers were employees subject to the Employee Exclusion. In the case before this Court, the same holds true: Franceware and Munoz were statutory employees of Xmex. As a result, the clear and explicit holdings of both the *PW & Sons* case and the *Williams* case control the determination of the coverage issue before this Court to a finding and declaration of no coverage and no duty to defend under the Canal Policy.

47.    In the case of *Canal Indemnity Co. v. TexCom Transportation*, 2010 WL 2301007 (N.D. Tex. 2010), the court examined the Employee Exclusion from a Canal Indemnity insurance policy in the context of an injured driver making a claim against the insured motor carrier.

48.    In the *TexCom* case, Phillip Chiazor and Huseen Awad were working as drivers for TexCom Transportation, LLC ("TexCom") hauling freight between Indiana and North Carolina. While traveling through West Virginia, Awad drove the tractor-trailer rig over a concrete road barrier and into the Kanawha River. Awad was killed in the accident. Chiazor, who was asleep in the sleeper cab of the rig, was seriously injured. *Id.* at * 1.

49.    Canal Indemnity contested coverage based on an Employee Exclusion. *Id.* at * 1-2.

50.    Chiazor argued that coverage did exist under the Canal policy because he plead he was acting as an "independent contractor" and not as an employee at

17

the time of the accident.  However, the *TexCom* court rejected this claim, and stated that:

> The court need not decide whether Chiazor was an "independent contractor" or an "employee" under traditional common law principles because, in the context of this case, it is a distinction without a difference.  *Id.* at *3.

51.    More specifically, the *TexCom* court noted that because the Canal policy was a public liability policy, designed specifically for use by motor carriers in the interstate trucking industry, the policy must be interpreted in a manner consistent with federal insurance requirements, like those found in the Motor Carrier Safety Act of 1984, 49 U.S.C. s 13906, and regulations promulgated by the Department of Transportation.   *Id.* at *4; *See, also, Ooida*, 579 F.3d at 473.

52.    Part of this interpretation includes adopting the definition of "employee" contained in 49 C.F.R. §390.5.

53.    As the *TexCom* court noted:

> Relying on this definition, the Fifth Circuit has interpreted the employee exclusions in a standard Texas commercial auto policy, like the policy issued by Canal to TexCom, to exclude from coverage injuries sustained by a truck driver while operating a covered vehicle, regardless of whether the driver was an "independent contractor" or an "employee" under traditional common law principles. *TexCom*, at *4; PW& Sons, 307 F.3d at 365-66.

54.    After observing the definition of "employee" contained in 49 C.F.R. §390.5 controlled the question of Chiazor's status as a matter of law, the *TexCom* court held that:

> Thus, even if Chiazor meets the common law definition

of an "independent contractor," he is an "employee" for purposes of the Canal Policy and falls squarely within the Employee Indemnification and Employer's Liability exclusion of that policy. *Id.*; *see also Canal Ins. Co. v. Flores*, No. 3-06-CV-84-KC, 2009 WL 1033770 at *7 (W.D. Tex. 2009) (driver for interstate motor carrier was "statutory employee" for purposes of policy provision that excluded from coverage "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured"). *TexCom,* at * 5.

55.     Thus, the Fifth Circuit federal court decisions in *PW& Sons* and *Ooida v. Williams*, and the federal court decisions in Texas of *Canal v. TexCom* and *Canal v. Flores*, overwhelmingly establish the proposition that in the context of insurance coverage disputes, drivers such as Franceware and Munoz are to be considered employees of the motor carriers they are driving for at the time of their injuries.  Based on the application of these cases, this Court should enter judgment in favor of Canal as a matter of law and declare that no duty to defend exists under the Canal Policy for either Xmex or Strader or Franceware.

### 3.     Occupant Hazard Endorsement

56.     In the case of *Basha v. Ghalib*, 2008 WL 3199464 (Ohio App. 10 Dist. 2008), the court held that an Occupant Hazard Endorsement would be enforceable against the claims of an employee of the federal motor carrier against that motor carrier and the driver of the rig.  Because the injured person was an employee of the motor carrier as well as a passenger, the *Basha* court held the Occupant Hazard Endorsement was applicable and precluded coverage for the claims.  *Id.*

57.     Because of the application of the Occupant Hazard Exclusion, this Court

should declare no duty to defend exists.

CONCLUSION AND PRAYER

58.    In conclusion, no duty to defend either Xmex or Charles Strader or Roger

Franceware exists, and this Court should declare that no duty to defend exists.

Canal prays this Court make such a declaration.  Canal further prays for all

other relief, general or special, at law or in equity, to which it shows itself

entitled to receive.

RESPECTFULLY SUBMITTED:

BUSH & RAMIREZ, P.L.L.C.

By:___/s/George T. Jackson___
George T. Jackson
Texas Bar No. 10466950
Federal Bar No. 15072
5615 Kirby Dr., Suite 900
Houston, Texas  77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
gjackson.atty@bushramirez.com

**ATTORNEYS FOR PLAINTIFF,
CANAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I certify that on April 3, 2014, a copy of this document was served on all parties
via electronic filing.

___/s/ George T. Jackson___