IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
EL PASO DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | § § § § § § § § | |
| Plaintiff, | | |
| vs. | | |
| XMEX TRANSPORT, LLC, CHARLES STRADER, LORENA MUNOZ, individually and on behalf of the ESTATE OF LORENZO MUNOZ, and as next friend of L. M. and C. M., minor children, VIRGINIA MUNOZ, ROSA FRANCEWARE, individually and as next friend of E. L. F., a minor, and as administratrix of the ESTATE OF ROGER FRANCEWARE, JESSICA LOPEZ, Administratrix of the ESTATE OF ROGER FRANCEWARE and as next friend of A. F. and J. F., minor children, A-Z TRAILERS, INC., DYKES & DYKES TRAILERS, INC., GOAL TRANSPORTS, INC. d/b/a CALVIN K.TRANSPORTATION, LLC, JOSE M. GOMEZ, ANDRES SOTELO, TRANS FRONT, INC., OSCAR FLORES, JOAQUIN CORTEZ SANCHEZ, TRANSPORTES AMERICANOS, and SMTC MEX-HOLD, Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | NO. 3:13-cv-00156-KC<br><br><br><br><br><br>JURY DEMANDED |

**PROPOSED UNDISPUTED FACTS**

TO THE COURT:

Pursuant to the Standing Order Regarding Motions for Summary Judgment issued on May 1, 2012, Canal Insurance Company submits the following Undisputed Facts.

1

1.   Canal Insurance Company issued a policy of insurance, policy number PIA06033700 to Xmex Transport LLC (the "Policy") with a policy period from 8/6/2010 until cancelled. (See, policy, Exhibit "A", page CANAL 001).

2.   An accident took place on August 17, 2010 involving a 2007 International with VIN 2HSCNSCR57C432781. (See, accident report, Exhibit "B", page CANAL 072). In the single vehicle accident, Roger Franceware and Lorenzo Munoz died. Both Franceware and Munoz were occupants in the cab of the 2007 International at the time of the accident.

3.   Under the Business Auto Declarations for the Canal Policy, only those autos that fell under symbol "7" were covered autos for liability purposes. (See, Exhibit "A", page CANAL 023).

4,   Under the Business Auto Coverage Form, symbol "7" refers to "Specifically Described Autos", which in turn is defined as "only those 'autos' described in Item Three of the declarations for which a premium charge is shown (and for Liability coverage any 'trailers' while attached to any power unit described in Item Three)." (See, Exhibit "A", page CANAL 028).

5.   In Item Three of the Canal Policy, three vehicles are described: a 2005 International with a VIN of 2HSCNAPR45C034815; a 2005 International with a VIN 2HSCNAPR05C034505; and a 2005 International with a VIN of 2HSCNAPR85C034817. (See, Exhibit "A", page CANAL 024).

6.   The vehicle involved in the accident, the 2007 International with VIN 2HSCNSCR57C432781, was not a specifically described vehicle on the Canal Policy.

7. The Canal Policy contains an exclusion for "bodily injury" to an employee of the insured arising out of and in the course of employment by the insured or performing the duties related to the conduct of the insured's business. More specifically, the exclusion reads as follows:

> B. **Exclusions**: This insurance does not apply to any of the following:
>
> . . .
>
> **4. Employee Indemnification And Employer's Liability**
>
> "Bodily injury" to:
>
> a. An "employee" of the "insured" arising out of and in the course of:
>
> (1) Employment by the "insured"; or
>
> (2) Performing the duties related to the conduct of the "insured's" business; or
>
> b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.
>
> This exclusion applies:
>
> (1) Whether the "insured" may be liable as an employer or in any other capacity; and
>
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury. (See, Exhibit "A", page CANAL 031 to 032).

8. The Canal Policy also contains a "fellow employee" exclusion that reads as follows:

> B. **Exclusions:** This insurance does not apply to any of the following:
>
> **5. Fellow Employee**

"Bodily injury" to:

a. Any fellow "employee" of the "insured" arising out of an in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

b. The spouse, child, parent, brother or sister of that fellow "employee: as a consequence of Paragraph a. above. (See, Exhibit "A", page CANAL 032).

9. The Canal Policy also contains definitions. The definition of "employee" reads as follows:

**SECTION V – DEFINITIONS**

. . .

F. "Employee" includes a "leased worker." "Employee" also includes any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a compact between States and approved by the Congress of the United States who is acting within the course of such employment. "Employee" does not include a "temporary worker". (See, Exhibit "A", page CANAL 037).

10. The Canal Policy also defines "temporary worker".

O. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions. "Temporary worker" does not include a driver of a motor vehicle in your business. (See, Exhibit "A", page CANAL 038).

11. The Canal Policy further contains an "Occupant Hazard Exclusion

Endorsement." The Occupant Hazard Exclusion Endorsement adds an exclusion to the policy. Specifically, the Endorsement states that:

> The following exclusion is added:
>
> 14. "Bodily Injury" sustained by any person while in or upon, entering or alighting from the "auto". (See, Exhibit "A", page CANAL 052).

12. The term "employee" is also defined by the Federal Motor Carrier's Safety Act. The regulation reads, in pertinent part, as follows:

> Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and freight handler. *See,* 49 C.F.R. § 390.5.

13. The Canal Policy also contains a MCS-90 endorsement. However, the MCS-90 endorsement does not create a duty to defend and does not impose any surety obligation on Canal to pay for injuries to employees of the insured. (See, Exhibit "A", page 054-055).

14. Following the accident involving Franceware and Munoz, a number of lawsuits were filed. (See, Exhibits "C", "D" and "E", beginning at pages CANAL 0076, CANAL 0091 and CANAL 105).

15. In each of the lawsuits, the claimants seek recovery against Xmex and Charles Strader as a principal of Xmex.

Respectfully submitted,

BUSH & RAMIREZ, P.L.L.C.

By: __/s/George T. Jackson__
George T. Jackson
Texas Bar No. 10466950
Federal Bar No. 15072
5615 Kirby Dr., Suite 900
Houston, Texas  77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
gjackson@bushramirez.com

**ATTORNEYS FOR PLAINTIFF,
CANAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I certify that on April 3, 2014, a copy of this document was served on all parties via electronic filing.

___/s/ George T. Jackson___