IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-13-CV-156-KC |
| § | |
| XMEX TRANSPORT, LLC, et al., § | |
| § | |
| Defendants. § | |

## ORDER

On this day, the Court considered Plaintiff's Motion for Reconsideration (the "Motion"), ECF No. 83, Defendant Jessica Lopez's Response to Canal Insurance Company's Motion for Reconsideration (the "Lopez Response"), ECF No. 86, and Plaintiff's Reply to Response to Motion for Reconsideration (the "Canal Response"), ECF No. 88, in the above-captioned case (the "Case"). For the foregoing reasons, the Motion is **DENIED**.

I.   BACKGROUND

On September 4, 2014, the Court issued its Order, ECF No. 77, finding that Plaintiff owed Defendants XMEX Transport, LLC ("XMEX"), Charles "Chip" Strader, and Roger Franceware ("Franceware") a duty to defend in a state court wrongful death lawsuit under a liability insurance policy Plaintiff issued to XMEX. Order 27-35.

On September 30, 2014, Plaintiff filed its Motion. By the Motion, Plaintiff argues that the Court erred in finding that the underlying state court petition alleged sufficient facts to trigger Plaintiff's duty to defend.

1

**II.     DISCUSSION**

    **A.     Standard**

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). Whether a motion is considered under Rule 59(e) or Rule 60(b) depends on when it is filed. *See id.* "If the motion is filed within 28 days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion." *Obersteller v. United States*, Civil No. A-13-CV-198-LY, 2013 WL 7138802, at *1 (W.D. Tex. July 19, 2013); *see also* Fed. R. Civ. P. 59 advisory committee's notes (2009). Here, Plaintiff filed its Motion within 28 days of the Court's Order. *See* Order 1, Mot. 1. Accordingly, the Court considers the Motion under Rule 59.

"A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot raise issues that could, and should, have been made before the judgment issued." *United Nat'l Ins. Co. v. Mundell Terminal Servs., Inc.*, 740 F.3d 1022, 1031 (5th Cir. 2014) (citing *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008)). The Fifth Circuit has explained that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993). In other words, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

B.      Analysis

In its Motion, Plaintiff asserts that the Court incorrectly found that Plaintiff owed Defendants a duty to defend.  *See* Mot.; Canal Resp.  The Court addresses, and rejects, Plaintiff's arguments below.

Plaintiff first argues that "[i]nstead of going straight to the 'eight corners' analysis, the Court should have first held any party seeking to establish whether a duty to defend existed to their burden of proof to establish standing as an insured." Mot. 2.  In the Order, the Court expressly analyzed whether Defendants potentially qualified as insureds under the policy.  *See* Order 32-37.  Accordingly, the Court previously addressed Plaintiff's concern in the Order. Plaintiff offers no substantive explanation why the Court's analysis in this regard was a manifest error of law.  Accordingly, the Court rejects Plaintiff's argument.  *See United Nat'l*, 740 F.3d at 1031.

Plaintiff further argues that the Court "erred in imagining a factual scenario while applying the 'eight-corners' rule." Canal Resp. 2; *see also* Mot. 5-6.  Texas's eight-corners rule requires courts to compare the plaintiff's allegations in the underlying pleadings with the terms of the insurance policy to determine whether the facts affirmatively alleged fall within the scope of the policy.  *See*, *e.g.*, *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839-40 (5th Cir. 2012).  In conducting this analysis, a court may not read facts into the pleadings, look outside the pleadings, or speculate as to factual scenarios which might trigger coverage. *Id.* at 840.  Nonetheless, "Texas law requires [courts] to consider the allegations in the complaint along with any reasonable inferences that flow from the facts alleged." *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 601 (5th Cir. 2006) (citing *Allstate Ins. Co. v. Hallman*, 159

S.W.3d 640, 645 (Tex. 2005)); *see also Star-Tex Res., L.L.C. v. Granite State Ins. Co.*, 553 F. App'x 366, 370 (5th Cir. 2014) (citing *Gen. Star Indem. Co. v. Gulf Coast Marine Assocs., Inc.*, 252 S.W.3d 450, 456 (Tex. App. 2008)) (explaining that courts "may draw inferences from the petition that may lead to a finding of coverage"). Texas's eight-corners analysis is deferential to an insured and "'the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy.'" *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008) (quoting *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965)).

Plaintiff asserts that the Court impermissibly imagined a factual scenario by finding the vehicle a potentially covered "temporary substitute" vehicle because the underlying petition does not expressly allege either that the vehicle was a substitute auto or that any of the three listed vehicles were inoperable or out of service. Mot. 5-6; Canal Resp. 2. In support of this argument, Plaintiff cites to *Pine Oak Builders, Inc. v. Great American Lloyds Insurance Co.*, 279 S.W.3d 650 (Tex. 2009) and *Gilbane Building Co. v. Admiral Insurance Co.*, 664 F.3d 589 (5th Cir. 2011). *See* Mot. 6-8; Canal Resp. 2-7. For the following reasons, Plaintiff's reliance on the cited opinions is unpersuasive.

In *Pine Oak*, the only claims alleged in the underlying petition were clearly excluded from coverage under the policy. 279 S.W.3d at 654-55. *Pine Oak* therefore stands for the proposition that "[i]f the petition *only* alleges facts excluded by the policy, the insurer is not required to defend." *Id.* at 655 (emphasis added). Here, unlike in *Pine Oak*, the factual allegations in the underlying petition are not expressly excluded from coverage. Accordingly, *Pine Oak* is not controlling.

In *Gilbane*, the Fifth Circuit held that the district court erred in characterizing the underlying petition as alleging that an employee had climbed down a ladder with muddy boots, therefore triggering the duty to defend because it was "possible that a jury could eventually find that [the employee] caused his own injuries." 664 F.3d at 598. The district erred, however, because the petition did not affirmatively allege that the employee climbed down a ladder with muddy boots and, in fact, the "petition [did] not allege *any* facts suggesting that [the employee's] own negligence could have caused his injuries." *Id.* at 599 (emphasis added). Thus, *Gilbane* held that a court may not read facts into the petition or draw inferences from facts not affirmatively pleaded in the petition. *Id.* at 600.

Here, unlike in *Gilbane*, the Court drew inferences directly from factual allegations affirmatively pleaded in the underlying petition. As the Court stated in its Order, both Defendant Lorenzo Munoz ("Munoz") and Franceware pleaded that Moore Freight owned the vehicle involved in the accident. Order 28. Defendant Lopez additionally pleaded facts indicating Moore Freight had at least some ownership in the vehicle. *Id.* All three pleadings further alleged that the vehicle was being used in the scope of XMEX's business. *Id.* at 29-30. These allegations, taken together and "liberally construed in favor of coverage," clearly raise the reasonable inference that XMEX had borrowed the vehicle from Moore Freight. *See Star-Tex Res.*, 553 F. App'x at 369. From the natural inference that XMEX borrowed the vehicle from Moore Freight, it is reasonable to infer that XMEX *potentially* did so as a temporary substitute auto. *See Liberty Mut. Ins. Co.*, 473 F.3d at 601 (Texas law "requires [courts] to consider . . . reasonable inferences that flow from the facts alleged."); *Zurich Am. Ins.*, 268 S.W.3d at 491 (finding a duty to defend where there was potential coverage under policy). These inferences

5

flow naturally from facts affirmatively alleged in the underlying petitions and are distinguishable from both *Pine Oak* and *Gilbane*. Accordingly, Plaintiff has failed to show that the Court's inferences drawn in favor of the insureds were manifest errors of law under the Texas eight-corners rule and the Court declines to reconsider its Order. *See United Nat'l*, 740 F.3d at 1031.

Plaintiff next argues that the Court "should have applied the narrow exception to the 'eight-corners' doctrine and considered evidence regarding the unlisted vehicle and the application of the 'employee exclusion.'" Mot. 8. Plaintiff offers no new substantive analysis on this issue and the Court rejects Plaintiff's contention as rehashing prior argument. *See Templet*, 367 F.3d at 479 (noting that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment"). Nonetheless, the Court reiterates that extrinsic evidence is admissible under Texas's eight-corners rule only where it is initially impossible to discern whether coverage is potentially implicated and when it goes solely to a fundamental issue of coverage that does not engage the truth or falsity of any facts alleged in the underlying case. *See ACE Am. Ins.*, 699 F.3d at 840. Here, "[Plaintiff's] duty to defend can arise under the temporary substitute provision regardless of whether the Truck was specifically listed [under the policy]." Order 26. Therefore, because it is initially *possible* to discern that the vehiclewas potentially a covered temporary substitute auto under the policy, the VIN number evidence does not fall within the narrow exception to the eight-corners rule. *See ACE Am. Ins.*, 699 F.3d at 840. Regardless, even if this evidence were admissible, it would not undermine the temporary substitute auto provision and would not change the Court's analysis because it is not pertinent to the temporary substitute vehicle exception.

Moreover, "[t]he underlying pleadings clearly alleged that neither Munoz nor Franceware was employed by any of the defendants." Order 26-27. "Accordingly, any extrinsic evidence offered to prove otherwise would engage the truth or falsity of the allegations in the underlying pleadings and would not be permissible under Texas law." *Id.* at 27 (citing *Star-Tex Res.*, 553 F. App'x at 372). Therefore, because Plaintiff has failed to establish that the extrinsic evidence was either admissible or relevant, or that the Court's refusal to consider the extrinsic evidence was manifest error, the Court declines to reconsider its Order. *See United Nat'l*, 740 F.3d at 1031.

Plaintiff lastly argues that the Court's consideration of *T.H.E. Insurance Co. v. Larsen Intermodal Services, Inc.*, 242 F.3d 667 (5th Cir. 2001), was misplaced because Louisiana applies a different standard than Texas to determine the duty to defend. Canal Resp. 7. However, the Fifth Circuit, applying Texas law, has found a duty to defend where the factual "allegations [did] not clearly and unambiguously" fall outside the scope of coverage. *See Colony Nat. Ins. Co. v. Unique Indus. Prod. Co.*, 487 F. App'x 888, 892-93 (5th Cir. 2012) (citing *Allstate Ins.*, 159 S.W.3d at 643). This language is nearly identical to the standard employed in *T.H.E. Insurance*. *See T.H.E. Ins.*, 242 F.3d at 678. Furthermore, a federal court interpreting the duty to defend in Louisiana has found case law under Texas's eight-corners rule to be "instructive" because of the similarities in the standards. *See Grand Acadian, Inc. v. Fluor Corp.*, No. 2:07 CV 295, 2009 WL 994990, at *8 (W.D. La. Apr. 9, 2009). The Court's consideration of *T.H.E. Insurance* as highly instructive in the present case was neither improper nor manifest error. Plaintiff offers no substantive argument to the contrary. Accordingly, Plaintiff has failed to show a manifest error of law and the Court will not reconsider its Order. *See United Nat'l*, 740 F.3d at 1031.

Plaintiff's Motion for Reconsideration, ECF No. 83, is therefore **DENIED**.

**SO ORDERED**.

SIGNED this 31st day of October, 2014.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE