IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-156-KC |
| | § | |
| XMEX TRANSPORT, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Plaintiff Canal Insurance Company's ("Canal") Motion for Leave to File First Amended Answer and Counterclaim (the "Motion"), ECF No. 98, in the above-captioned case (the "Case"). As set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

### I.    BACKGROUND

The Case stems from an August 17, 2010, single vehicle accident that resulted in the deaths of Roger Franceware ("Franceware") and Lorenzo Munoz ("Munoz"). *See* Compl. for Declaratory J. ("Complaint") 6-7, ECF No. 1. Following the accident, the decedents' survivors filed lawsuits in the 168th District Court of El Paso County, Texas, seeking damages from numerous parties for the decedents' deaths. *See* Munoz Pls.' Am. Pet. of Mar. 10, 2014 ("Munoz Petition"), ECF No. 57-1; Pl.'s Fifth Am. Pet. ("Lopez Petition"), ECF No. 51-1; First Am. Plea in Intervention ("Rosa Franceware Petition"), Rosa Franceware's Affirmative Notification of Pleading Under the "Eight Corners Rule" Ex. A, ECF No. 50.

1

As a result of the state court litigation, on May 7, 2013, Canal filed the instant Case, seeking a declaration that Canal owed no duty, under liability insurance policy PIA06033700 (the "Policy"), to defend or indemnify various defendants in the underlying state claims, including decedent Franceware. *See* Compl. 6, 12. The Court, in recognition that the duty to defend and the duty to indemnify are to be decided separately, ordered the parties to first submit summary judgment motions on the issue of the duty to defend. *See* Scheduling Order, ECF No. 49.

On April 3, 2014, Canal filed its Motion for Summary Judgment of Canal Insurance Company on the Duty to Defend ("Canal Motion for Summary Judgment"), ECF No. 59, asserting that Canal had no duty to defend, among others, decedent Franceware. *Id.* at 16, 24-25. On the same day, Defendant Jessica Lopez ("Lopez"), as "Administratrix of the Estate of [Franceware], and as Next Friend of A.F. and J.O., minor children and heirs of the Estate of [Franceware]," filed her Motion for Summary Judgment Regarding Plaintiff Canal's Duty to Defend ("Lopez Motion for Summary Judgment"), ECF No. 57, asserting that Canal had a duty to defend "the Estate of Roger Franceware." *Id.* at 2. Furthermore, according to Lopez, because she had filed an answer to cross claims against the Franceware estate, Canal also owed Lopez a defense. *Id.* at 8.

Canal and Lopez then filed a series of responses and replies on the issue of the duty to defend, with Canal submitting four substantive filings outlining its argument that Canal had no duty to defend Franceware. *See* Resp. of Canal Ins. Co. to the Mot. for Summ. J. of Jessica Lopez on the Duty to Defend ("First Canal Response"), ECF No. 62; Reply of Canal Ins. Co. to Resp. of Jessica Lopez to Canal's Mot. for Summ. J. on the Duty to Defend ("First Canal Reply"), ECF No. 68; Reply of Canal Ins. Co. to Resp. of Munoz Defs. to Canal's Mot. for

Summ. J. on the Duty to Defend ("Second Canal Reply"), ECF No. 70; Reply of Canal Ins. Co. to Resp. of Trailer Defs. to Canal's Mot. for Summ. J. on the Duty to Defend ("Third Canal Reply"), ECF No. 71.

On September 4, 2014, after the parties had "fully briefed" the issue of the duty to defend, the Court issued its Order ("September 4, 2014, Order"), ECF No. 77, finding that, "based on the eight-corners rule, the underlying pleadings and Policy read together raise the potential that the [vehicle involved in the accident] was a covered auto under the Policy and that . . . Franceware [was a] potential insured[], thus triggering Canal's duty to defend [Franceware]." *Id.* at 8, 39-40.

Nearly a month later, on September 30, 2014, Canal filed its Motion for Reconsideration ("First Motion for Reconsideration"), ECF No. 83, alleging a number of errors on the part of the Court in determining the duty to defend and requesting that the Court reconsider, among other issues, its finding that Canal had a duty to defend Franceware. *Id.* at 10. The Court denied the First Motion for Reconsideration on October 31, 2014. *See* Oct. 31, 2014, Order, ECF No. 91.

On the same day the Court denied the First Motion for Reconsideration, Lopez filed her First Amended Answer and Counterclaim ("Lopez Counterclaims"), ECF No. 90, asserting various causes of action against Canal for its alleged failure to provide Lopez a defense under Canal's duty to defend the Franceware estate. *Id.* at 6-9. Canal answered the Lopez Counterclaims on November 21, 2014. *See* Original Answer and Countercl. of Canal Ins. Co. ("Original Answer"), ECF No. 93.

On December 29, 2014, nearly two months after the Court denied Canal's First Motion for Reconsideration, and four months after the Court decided the issue of Canal's duty to defend Franceware, Canal filed its Motion for Reconsideration of the Duty to Defend ("Second Motion

for Reconsideration"), ECF No. 94, once again asserting new theories in an attempt to re-litigate Canal's duty to defend Franceware. The Court denied the Second Motion for Reconsideration on January 28, 2015. *See* Jan. 28, 2015, Order (denying by text order the Second Motion for Reconsideration).

Canal filed the instant Motion on January 14, 2015,[1] seeking leave to amend its Original Answer to assert additional theories in defense of the Lopez Counterclaims. *See* Mot. 2. Lopez filed her Response to Canal Insurance Company's Motion for Leave to File First Amended Answer and Counterclaim ("Lopez Response"), ECF No. 102, on January 21, 2015.

## II.     DISCUSSION

### A.     Standard

"Under [Federal Rule of Civil Procedure] 15(a), permission to amend shall be freely given when justice so requires." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (internal quotations omitted). "The rule, however, 'is not a mechanical absolute.'" *Id.* (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 468 (5th Cir. 1967)). "The decision whether justice requires amendment is committed to the discretion of the district judge." *Id.* (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)). "In the exercise of its discretion, the district court may consider such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." *Id.* "[C]ourts have refused as untimely amendments sought after a motion for summary judgment has been made." *Freeman*, 381 F.2d at 469. Indeed, "[t]here is even more reason for refusing to allow amendment long after summary judgment has

---

[1] The Court notes that pursuant to the parties' Joint Report of Parties' Planning Meeting, ECF No. 46, the parties' agreed upon a deadline to amend the pleadings of January 15, 2015. *Id.* at 8. Though that deadline has since passed, Canal timely filed the instant Motion.

been granted." *Id.* Accordingly, the Fifth Circuit has held that "a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for failure to present the new theory at an earlier time." *Id.* at 470.

  **B.**  **Analysis**

  Canal requests leave to amend its Original Answer in order to assert two new allegations in defense of the Lopez Counterclaims. First, Canal asserts that as of March 10, 2014, Canal owed no duty to defend under the Policy. Mot. 2; First Am. Answer and Countercl. of Canal Ins. Co. ("Proposed Amended Answer") ¶ 50, Mot. Ex. A, ECF No. 98-1. Second, Canal asserts that it never owed a duty to defend Lopez as administratrix of the estate of Franceware. Mot. 2; Proposed Am. Answer ¶ 51. The Court addresses each proposed amendment in turn.

    **1.**  **Canal may not amend to assert it had no duty to defend under the Policy**

  Canal first requests leave to amend its Original Answer in order to assert that "because there were no claims in any live pleadings against the Estate of Roger Franceware" as of March 10, 2014, "Canal did not owe a duty to defend under the [Policy]." Mot. 2; Proposed Am. Answer ¶ 50. Lopez responds that the duty to defend "was 'fully briefed' and resolved over four months ago," and therefore "Canal's proposed amendments will only enable Canal to re-litigate (and re-re-litigate) the duty to defend." Lopez Resp. 2-3.

  As noted above, a court may refuse leave to amend an answer where leave is sought with undue delay. *See Union Planters*, 687 F.2d at 121. In this regard, it is well recognized that a district court may "refus[e] to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment . . . and no valid reason is shown for failure to present the new theory at an earlier time." *Henry's Marine Serv., Inc. v. Fireman's Fund Ins.*

5

*Co.*, 193 F. App'x 267, 276 (5th Cir. 2006) (quoting *Freeman*, 381 F.2d at 470). "Much of the value of summary judgment procedure . . . would be dissipated if a party were free to rely on one theory in an attempt to defect a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory." *Freeman*, 381 F.2d at 469-70.

On September 4, 2014, the Court granted summary judgment in favor of Lopez, finding that Canal had a duty to defend Franceware under the Policy. *See* Sept. 4, 2014, Order 34-35, 39-40. Prior to this decision, Canal submitted a total of six substantive filings, over a period of nearly a year, developing its argument regarding the duty to defend under the Policy. *See* Compl.; Canal Mot. for Summ. J.; First Canal Resp.; First Canal Reply; Second Canal Reply; Third Canal Reply. Further, even after the Court determined the duty to defend, Canal filed two subsequent motions petitioning the Court to reconsider, and re-reconsider, the issue of Canal's duty to defend Franceware. *See* First Mot. for Recons.; Second Mot. for Recons. Canal now comes before the Court once again seeking to assert new allegations that it owed no duty to defend under the Policy. *See* Mot. 2; Proposed Am. Answer ¶ 50.

Though "[e]very defendant must have a full and fair opportunity to establish his defense and raise factual issues . . . meaningful consideration should be accorded the proposition that all litigation must have a timely termination." *Union Planters*, 687 F.2d at 121. The Court agrees with Lopez that "Canal's [first] proposed amendment[] [would] only enable Canal to re-litigate[, and actually re-re-re-litigate,] the duty to defend" nearly six months after the Court determined that issue. *See* Lopez Resp. 3. Canal has offered no valid reason for its failure to present this theory prior to the Court's determination of summary judgment on the issue. The Court will "not allow itself to be imposed upon by the presentation of theories seriatim." *See Henry's Marine*

6

*Serv.*, 193 F. App'x at 276 (quoting *Freeman*, 381 F.2d at 469). Therefore, to the extent that Canal seeks to amend its Original Answer to yet again assert new theories challenging its duty to defend under the Policy, Canal's request for leave is denied. *See id.* at 276; *Freeman*, 381 F.2d at 462, 469-70 (finding district court did not err in refusing amended answer where amendment sought eight months after summary judgment). Specifically, Canal shall not be permitted to amend its Original Answer in order to assert the allegations found in paragraph 50 of the Proposed Amended Answer. *See* Proposed Am. Answer ¶ 50.

### 2. Canal may amend Original Answer to assert no duty owed to Lopez

Canal further seeks leave to amend its Original Answer in order to assert that "[b]ecause no party ever made or had affirmative claims against Jessica Lopez as administratrix of the Estate of Roger Franceware . . . Canal did not owe and does not owe a duty to defend Jessica Lopez as administratrix of the Estate of Roger Franceware." Mot. 3; Proposed Am. Answer ¶ 51. Lopez asserts the same grounds for denying this amendment as she asserted for denying Canal's first requested amendment. Specifically, Lopez argues that the duty to defend "was 'fully briefed' and resolved over four months ago," and therefore "Canal's proposed amendments will only enable Canal to re-litigate (and re-re-litigate) the duty to defend." Lopez Resp. 2-3. Lopez's response thereby seeks to equate the Court's decision that Canal owed a duty to defend *Franceware* under the Policy with a decision that Canal owed a duty to defend *Lopez* as administratrix of the Franceware estate. *See* Lopez Resp. 1-3; *see also* Lopez Countercls. 6 (asserting that the Court's September 4, 2014, Order "found Canal owed *Lopez* a defense as to allegations made against the Estate of Roger Franceware in the State Court Litigation" (emphasis added)). The Court's September 4, 2014, Order does not reach so far.

In its September 4, 2014, Order, the Court found that Canal had a duty under the Policy to defend Roger Franceware.  *See* Sept. 4, 2014, Order 34-35, 39-40.  While the Court recognizes that Lopez asserted in her motion for summary judgment that Canal had a duty to defend Lopez because she had filed an answer on behalf of the estate of Franceware, *see* Lopez Mot. for Summ. J. 2, 8, at no point in its September 4, 2015, Order did the Court find that Canal's duty to defend Franceware amounted to a duty to defend Lopez.  Therefore, Canal's assertion that it owed no duty to defend *Lopez* as administratrix of Franceware's estate presents an issue separate and distinct from Canal's duty to defend Franceware, and is an issue which Canal now timely raises in response to Lopez's counterclaim.  The Court finds that granting Canal leave to amend in order to assert this claim will allow Canal a full opportunity to defend itself, while not resulting in any significant prejudice to Lopez.  *See Union Planters*, 687 F.2d at 121 ("[P]ermission to amend shall be freely given when justice so requires."); *see also id.* ("In the exercise of its discretion, the district court may consider such factors as prejudice to the opposing party [and] undue delay.").  Accordingly, to the extent that Canal seeks leave to assert that Canal's duty under the Policy to defend Franceware did not extend to a duty to defend Lopez, Canal's request for leave is granted.  Specifically, Canal shall be permitted to amend its Original Answer in order to assert the allegations found in paragraph 51 of the Amended Answer.  *See* Proposed Am. Answer ¶ 51.

The Court cautions Canal, however, that this is not an invitation to otherwise re-litigate Canal's duty to defend under the Policy.  To be clear, the issue of Canal's duty under the Policy to defend the estate of Roger Franceware is settled.  *See* Sept. 4, 2014, Order 34-35, 39-40; Oct. 31, 2014, Order; Jan. 28, 2015, Order.  By the present Order, the Court only grants Canal leave to amend in order to present its claim, found at paragraph 51 of the Proposed Amended Answer,

that Canal "[did] not owe a duty to defend Jessica Lopez as administratrix of the Estate of Roger Franceware" because "no party ever made or had affirmative claims against Jessica Lopez as administratrix of the Estate of Roger Franceware."  Mot. 2-3; Proposed Am. Answer ¶ 51.  Any amended pleading attempting to otherwise re-litigate Canal's duty to defend Franceware under the Policy will be stricken.

### III. CONCLUSION

It is therefore **ORDERED** that Canal's Motion, ECF No. 98, is hereby **GRANTED** in part and **DENIED** in part.  The Motion is **GRANTED** to the extent that Canal shall be permitted to amend its Original Answer by asserting the allegations found in paragraph 51 of the Proposed Amended Answer.  The Motion is **DENIED** to the extent that the Court shall not permit Canal to amend its Original Answer by asserting the allegations found at paragraph 50 of the Proposed Amended Answer.

**IT IS FURTHER ORDERED** that Canal shall refile its amended answer on or before April 6, 2015, in compliance with this Order.

**SO ORDERED**.

**SIGNED this 31st day of March, 2015.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE