IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY,<br>Plaintiff,<br><br>vs.<br><br>XMEX TRANSPORT, LLC, CHARLES STRADER, LORENA MUNOZ, Individually and on behalf of the ESTATE OF LORENZO MUNOZ, and as next friend of L.M. and C.M., minor children, ROSA FRANCEWARE, Individually and as next friend of E.L.F., a minor, and as administratrix of the ESTATE OF ROGER FRANCEWARE, JESSICA LOPEZ, administratrix of the ESTATE OF ROGER FRANCEWARE and as next friend of A.F. and J.F., minor children, A-Z TRAILERS, INC., DYKES & DYKES TRAILERS, INC., GOAL TRANSPORTS, INC. d/b/a CALVIN K. TRANSPORTATION, LLC, JOSE M. GOMEZ, ANDRES SOTELO, TRANS FRONT, INC., OSCAR FLORES, JOAQUIN CORTEZ SANCHEZ, TRANSPORTES AMERICANOS, and SMTC MEX-HOLD,<br>Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Case No. EP-13-cv-00156 KC<br><br><br><br>JURY DEMANDED |

**FIRST AMENDED ANSWER AND COUNTERCLAIM
OF CANAL INSURANCE COMPANY**

TO THE COURT:

CANAL INSURANCE COMPANY ("CANAL"), Defendant, files this as its

First Amended Answer and Counterclaim to the Complaint filed by JESSICA

LOPEZ, Administratrix of the ESTATE OF ROGER FRANCEWARE and as next

friend of A.F. and J.O., minor children and heir of the Estate of Roger

1

Franceware ("LOPEZ"), deceased, by and through her attorneys. In support of its Answer and Counterclaim, CANAL would show the Court as follows:

### I.    AFFIRMATIVE DEFENSES OF LOPEZ

1. A.    CANAL denies it has not joined all necessary parties to this action.

2. B.    CANAL denies the policy terms relied upon by CANAL are unenforceable on the grounds of lack of consideration, unconscionability, or public policy.

3. C.    CANAL denies the policy terms relied upon by CANAL are unenforceable due to the equitable doctrines of waiver, laches and/or estoppel.

4. D.    CANAL denies the policy terms relied upon by CANAL are ambiguous, and further denies the terms should be construed against CANAL or in favor of any putative insured of CANAL.

### II.    ANSWER

5. With respect to Section II of the First Amended Answer and Counterclaim of LOPEZ, this section does not specifically require affirmation, but CANAL denies the implications in Section II that CANAL is not entitled to seek or recover the relief CANAL seeks through this litigation.

6. Paragraphs 1 through 16 of the First Amended Answer and Counterclaim of LOPEZ do not require a specific response from CANAL.

### JURISDICTION AND VENUE

7. CANAL admits the allegations made in Paragraph 17 of the First Amended Answer and Counterclaim of LOPEZ.

8. CANAL admits the allegations made in Paragraph 18 of the First

Amended Answer and Counterclaim of LOPEZ.

## FACTS

### Munoz Lawsuit

9.  Paragraphs 19 through 23 of the First Amended Answer and Counterclaim of LOPEZ do not require a specific response from CANAL.

10. With respect to Paragraph 24 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies it has mischaracterized the pleadings made in the Munoz lawsuit.

11. With respect to Paragraph 25 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies it has mischaracterized the pleadings made in the Munoz lawsuit.

12. With respect to Paragraph 26 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies it has mischaracterized the pleadings made in the Munoz lawsuit.

### Lopez Lawsuit

13. Paragraphs 27 through 30 of the First Amended Answer and Counterclaim of LOPEZ do not require a specific response from CANAL.

14. With respect to Paragraph 31 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies it has mischaracterized the pleadings made in the Lopez lawsuit.

15. With respect to Paragraph 32 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies it has mischaracterized the pleadings made in the Lopez lawsuit.

**Canal Insurance Policy**

16. With respect to Paragraph 33 of the First Amended Answer and Counterclaim of LOPEZ, CANAL admits a policy had been issued, but coverage under the policy may have been or was limited or restricted or eliminated by the terms, conditions, exclusions, endorsements, definitions and other language contained in the policy.

17. Paragraphs 34 through 43 of the First Amended Answer and Counterclaim of LOPEZ do not require a specific response from CANAL.

18. With respect to the allegations made in Paragraph 44 of the First Amended Answer and Counterclaim of LOPEZ, CANAL admits LOPEZ requested a defense, but because the duty to defend was questionable, CANAL did not provide a defense. CANAL denies that it breached any duty.

19. Paragraphs 45 and 46 of the First Amended Answer and Counterclaim of LOPEZ do not require a specific response from CANAL. However, CANAL denies that CANAL is entitled to the relief it seeks in its prayer.

**COUNTERCLAIM OF LOPEZ**

20. With respect to the allegations made in Paragraph 47 of the First Amended Answer and Counterclaim of LOPEZ, CANAL admits LOPEZ requested a defense, but because the duty to defend was questionable, CANAL did not provide a defense. CANAL denies that it breached any duty.

21. CANAL admits the Court issued a memorandum opinion on September 4, 2014, regarding the duty to defend as stated in Paragraph 48 of the First Amended Answer and Counterclaim of LOPEZ.

22. CANAL admits LOPEZ sent a letter on September 8, 2014, requesting a defense as alleged in Paragraph 48 of the First Amended Answer and Counterclaim of LOPEZ.

23. With respect to the allegations made in Paragraph 49 of the First Amended Answer and Counterclaim of LOPEZ, CANAL admits LOPEZ requested a defense, but because the duty to defend was questionable, CANAL did not provide a defense.  CANAL denies that it breached any duty.

## Alleged Breach of Contract

24. With respect to the allegations made in Paragraph 50 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies the allegations in Paragraph 50 of the First Amended Answer and Counterclaim of LOPEZ and denies that Counter-Plaintiffs are entitled to recover such damages.

## Alleged Breach of the Duty of Good Faith and Fair Dealing

25. With respect to the allegations made in Paragraph 51 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies the allegations in Paragraph 51 of the First Amended Answer and Counterclaim of LOPEZ and denies that Counter-Plaintiffs are entitled to recover such damages.  As an affirmative defense to these claims, CANAL would show it had a reasonable good faith basis to contest coverage potentially available under the XMEX Policy.

## Alleged Violations of the Texas Insurance Code

26. With respect to the allegations made in Paragraph 52 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies the allegations in

Paragraph 52 of the First Amended Answer and Counterclaim of LOPEZ and denies that Counter-Plaintiffs are entitled to recover such damages. As an affirmative defense to these claims, CANAL would show it had a reasonable good faith basis to contest coverage potentially available under the XMEX Policy.

27.   With respect to the allegations made in Paragraph 53 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies the allegations in Paragraph 53 of the First Amended Answer and Counterclaim of LOPEZ and denies that Counter-Plaintiffs are entitled to recover such damages. As an affirmative defense to these claims, CANAL would show it had a reasonable good faith basis to contest coverage potentially available under the XMEX Policy. CANAL also specifically denies that all conditions precedent to bringing the claim have been performed or otherwise occurred.

## Alleged Violations of the Texas Deceptive Trade Practices Act

28.   With respect to the allegations made in Paragraph 54 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies the allegations in Paragraph 54 of the First Amended Answer and Counterclaim of LOPEZ and denies that Counter-Plaintiffs are entitled to recover such damages. As an affirmative defense to these claims, CANAL would show it had a reasonable good faith basis to contest coverage potentially available under the XMEX Policy. As a further affirmative defense to these claims, CANAL would show that the LOPEZ claimants are not "consumers" as required under the Texas DTPA.

29.     With respect to the allegations made in Paragraph 55 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies the allegations in Paragraph 55 of the First Amended Answer and Counterclaim of LOPEZ and denies that Counter-Plaintiffs are entitled to recover such damages.  As an affirmative defense to these claims, CANAL would show it had a reasonable good faith basis to contest coverage potentially available under the XMEX Policy.

## Alleged Gross Negligence

30.     With respect to the allegations made in Paragraph 56 of the First Amended Answer and Counterclaim of LOPEZ, CANAL denies the allegations in Paragraph 56 of the First Amended Answer and Counterclaim of LOPEZ and denies that Counter-Plaintiffs are entitled to recover such damages.  As an affirmative defense to these claims, CANAL would show it had a reasonable good faith basis to contest coverage potentially available under the XMEX Policy.

## Counter-Claims Based on Being a Third-Party Beneficiary

31.     With respect to the allegations made in Paragraph 57 of the First Amended Answer and Counterclaim of LOPEZ, CANAL admits that to the extent coverage exists, which CANAL denies, XMEX Transport, LLC was a named insured under the XMEX Policy.  To the extent claims were made against Charles Strader as an owner of XMEX Transport, and to the extent coverage existed under the XMEX Policy, then coverage may have existed for Charles Strader, but under the circumstances of the claims made in the

Underling State Court litigation, CANAL denies coverage existed for Charles Strader.  CANAL denies Lorenzo Munoz was an additional insured under the XMEX Policy.

32.     CANAL admits, based on information and belief, that LOPEZ obtained a judgment in the Underlying State Court Litigation, but denies that such judgment is a final judgment, as numerous parties appealed the decision.  CANAL denies that coverage existed under the XMEX Policy for the claims made in the Underlying State Court Litigation for any named or putative additional insureds.

33.     CANAL denies the allegations in Paragraph 59 of the First Amended Answer and Counterclaim of LOPEZ.

34.     CANAL denies that payment is due for the judgment as alleged in Paragraph 59 of the First Amended Answer and Counterclaim of LOPEZ.  Several parties have appealed the judgment in the Underlying State Court Litigation.

### Alleged Breach of Contract

35.     CANAL denies the allegations made in Paragraph 61 of the First Amended Answer and Counterclaim of LOPEZ.

### Jury Demand

36.     The demand for a jury is not an allegation to which CANAL must make a denial or affirmation.

**Prayer of LOPEZ**

37. CANAL denies LOPEZ is entitled to the recovery of damages as set forth in the prayer.

**Further Affirmative Defenses of CANAL**

38. Pleading further, by way of an affirmative defense, CANAL would show this Court and seek a declaration that coverage does not exist under the XMEX Policy for the claims for defense and for indemnity now made by LOPEZ.

39. More specifically, CANAL would show that the XMEX policy contains an exclusion for "bodily injury" to an employee of the insured arising out of and in the course of employment by the insured or performing the duties related to the conduct of the insured's business. As the plaintiffs in the underlying lawsuits allege or claim that Roger Franceware and Lorenzo Munoz were employed by XMEX Transport, coverage is not afforded under the XMEX policy.

40. The XMEX Policy contains a fellow employee exclusion which excludes coverage for bodily injury to "any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of your business." As the plaintiffs in the underlying lawsuits allege or claim that Roger Franceware and Lorenzo Munoz were employed by XMEX Transport at the time of the accident, coverage is not afforded under the XMEX Policy.

41. Because it is alleged that Franceware and Munoz were engaged in transportation activities on behalf of XMEX Transport at the time of the incident that gives rise to the underlying lawsuits, both Franceware and Munoz are

considered statutory employees of XMEX Transport. 49 C.F.R. §390.5. Accordingly, the employee exclusion and the fellow employee exclusion apply to eliminate coverage under the XMEX Policy.

42. The XMEX Policy contains a policy exclusion known as the Occupant Hazard Exclusion "excluding 'bodily injury' sustained by any person while in or upon, entering or alighting from the 'auto'." The lawsuits in the State Court litigation allege that Munoz and/or Franceware were occupants of the vehicle; therefore, the Occupant Hazard Exclusion applies and coverage is not afforded under the XMEX Policy.

### Statute of Limitations

43. Pleading further, CANAL would show that the applicable statute of limitations applies to some or all of the claims of LOPEZ.

### Failure to Allocate

44. Pleading further, CANAL would show that LOPEZ had both affirmative claims that were presented and pursued as well as potential defensive matters. LOPEZ has not allocated between the time spent on affirmative claims made in the State Court Lawsuit and defensive matters. LOPEZ must allocate between potentially covered and non-covered claims.

### Good Faith Basis

45. Pleading further, CANAL would show it had a good faith, reasonable basis to contest coverage, including the duty to defend and the duty to indemnify.

**Exemplary Damages**

46. Pleading further, and without waiver of the foregoing, Defendant respectfully allege that if exemplary damages are awarded, any award should be subject to the limits imposed by the FEDERAL AND TEXAS RULES OF CIVIL PROCEDURE and TEXAS CIVIL PRACTICE AND REMEDIES CODE.

47. Pleading further, and without waiver of the foregoing, Defendant would respectfully allege that under Texas law, a jury has wholly standless discretion to award exemplary damages in a tort case in which the defendant acts with a sufficient mental state. Any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19, of the Texas Constitution, in that:

   a. Such punitive damages are intended to punish and deter Defendants and thus this proceeding becomes essentially criminal in nature.

   b. Defendants are being compelled to be a witness against themselves in a proceeding that is essentially and effectively criminal in nature, in violation of the Defendant's right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

   c. Plaintiff's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less that the burden of proof required in all other criminal proceedings, and thus violates Defendants' rights to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendant under Article 1, Section 19, of the Texas Constitution; and

   d. Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendants are being denied the requirements of adequate notice of the elements of the offense,

and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiff's live pleading purporting to invoke such statutory and/or common law theory is so vague and ambiguous as to be in violation of the due Process Clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19, of the Texas Constitution.

48. Pleading further, and without waiver of the foregoing, CANAL would respectfully allege that Counter-Plaintiff's claim for punitive or exemplary damages violates CANAL's right to protection from being subjected to excessive fines, as provided in Article 1, Section 13, of the Texas Constitution.

## Additional Affirmative Defenses

49. Pleading further, CANAL would assert the following affirmative defenses: waiver; estoppel; laches; comparative responsibility.

50. [DELETED]

51. Pleading further CANAL would show that no party in the Underlying Litigation[1] ever filed affirmative claims against Jessica Lopez as administratrix of the Estate of Roger Franceware. At various points during the Underlying Litigation, Lorena Munoz, Individually and on behalf of the Estate of Lorenzo Munoz, and as next friend of L.M. and C.M., minors, and Virginia Munoz had on file affirmative claims against Rosa Franceware on behalf of the Estate of Roger Franceware. However, at all times during the Underlying Litigation, Jessica Lopez, as administratrix of the Estate of Roger Franceware, was represented by

---

[1] "Underlying Litigation" refers to Cause No. 2010-4169, *Lorena Munoz, et al. v. Moore Freight Services, et al.,* in the 168th Judicial District Court of El Paso County, Texas.

different counsel than Rosa Franceware, on behalf of the Estate of Roger Franceware. Rosa Franceware, on behalf of the Estate of Roger Franceware, never sought or requested a defense from CANAL under the XMEX Policy. Because no party ever made or had affirmative claims against Jessica Lopez as administratrix of the Estate of Roger Franceware in the Underlying Litigation, CANAL did not owe and does not owe a duty to defend Jessica Lopez as administratrix of the Estate of Roger Franceware under the XMEX Policy.

52. Because coverage does not exist, Jessica Lopez as administratrix of the Estate of Roger Franceware cannot recover on any of her claims against CANAL.

## PRAYER

53. CANAL prays that after trial or after a dispositive motion, that Counter-Plaintiffs be discharged, and take nothing by virtue of this lawsuit. CANAL further prays this Court order and declare that coverage did not exist under the XMEX Policy, and that CANAL had neither a duty to defend nor a duty to indemnify LOPEZ for the claims made in the State Court Litigation. CANAL further prays for all other relief, general or special, at law or in equity, to which it shows itself entitled to receive.

RESPECTFULLY SUBMITTED:

BUSH & RAMIREZ, P.L.L.C.

By: _/s/ George T. Jackson_
George T. Jackson
Texas Bar No. 10466950
Federal Bar No. 15072
5615 Kirby Dr., Suite 900
Houston, Texas  77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
gjackson.atty@bushramirez.com

**ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT, CANAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I certify that on April 4, 2015, a copy of this document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic system.

_/s/ George T. Jackson_
George T. Jackson