**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, Plaintiff, | § | |
| vs. | § | |
| XMEX TRANSPORT, LLC, CHARLES STRADER, LORENA MUNOZ, Individually and on behalf of the ESTATE OF LORENZO MUNOZ, and as next friend of L.M. and C.M., minor children, ROSA FRANCEWARE, Individually and as next friend of E.L.F., a minor, and as administratrix of the ESTATE OF ROGER FRANCEWARE, JESSICA LOPEZ, administratrix of the ESTATE OF ROGER FRANCEWARE and as next friend of A.F. and J.F., minor children, A-Z TRAILERS, INC., DYKES & DYKES TRAILERS, INC., GOAL TRANSPORTS, INC. d/b/a CALVIN K. TRANSPORTATION, LLC, JOSE M. GOMEZ, ANDRES SOTELO, TRANS FRONT, INC., OSCAR FLORES, JOAQUIN CORTEZ SANCHEZ, TRANSPORTES AMERICANOS, and SMTC MEX-HOLD, Defendants. | § | Case No. EP-13-cv-00156 KC |

**MOTION FOR SUMMARY JUDGMENT OF
CANAL INSURANCE COMPANY ON THE DUTY TO DEFEND
BUT ONLY AS TO JESSICA LOPEZ AS ADMINISTRATRIX
OF THE ESTATE OF ROGER FRANCEWARE**

TO THE COURT:

Canal Insurance Company ("Canal"), Defendant, files this Motion for Summary Judgment on the Duty to Defend, but only as to Jessica Lopez as

Administratrix of the Estate of Roger Franceware. Canal is very aware of the limitations and the admonitions established by the Court in its recent decision allowing Canal, in part, to amend its pleadings. Respectfully, with regard to the duty to defend Jessica Lopez as Administratrix of the Estate of Roger Franceware, Canal now would show this Court as follows:

**DOCUMENTS FOR CONSIDERATION**

1. In consideration and support of its Motion for Summary Judgment, Canal would submit the following Exhibits and documents:

| Exhibit | Canal MSJ Appendix (Administratrix) Bates Stamp Number | Exhibit Description |
|---|---|---|
| A | 001-070 | Canal Xmex Insurance Policy |
| B | 071-083 | Texas Highway Patrol Major Crash Investigation |
| C | 084-090 | Munoz Plaintiffs' Original Petition, filed October 25, 2010 |
| D | 091-099 | Munoz Plaintiffs' Supplemental Petition |
| E | 100-108 | Munoz Plaintiffs' First Amended Petition |
| F | 109-118 | Munoz Plaintiffs' Third Amended Petition |
| G | 119-130 | Munoz Plaintiffs' Fourth Amended Petition |
| H | 131-144 | Munoz Plaintiffs' Amended Petition of February 14, 2014 |
| I | 145-146 | Title to 2007 Moore Freight International |

**STATEMENT OF THE CASE**

2. Canal Insurance Company issued a policy of insurance, policy number PIA06033700 to Xmex Transport LLC (the "Policy") with a policy period from 8/6/2010 until cancelled. (*See*, policy, Exhibit "A", page CANAL MSJ Appendix (Administratrix) 001).

3. An accident took place on August 17, 2010 involving a 2007 International tractor with VIN 2HSCNSCR57C432761. (*See*, accident report, Exhibit "B", page CANAL MSJ Appendix (Administratrix) 073; *See* Title to 2007 International owned by Moore Freight, Exhibit "I", page CANAL MSJ Appendix (Administratrix) 145-146). In the single vehicle accident, Roger Franceware and Lorenzo Munoz died. Both Franceware and Munoz were occupants in the cab of the 2007 International at the time of the accident.

4. According to the accident report, Munoz was driving at the time of the accident.

5. Following the accident, Lorena Munoz, Individually and on behalf of the Estate of Lorenzo Munoz, and as next friends of CM, a minor child, LESLIE MUNOZ and VIRGINIA MUNOZ (collectively the "Munoz Claimants") sued Xmex Transport, LLC, Charles "Chip" Strader and Moore Freight Services, Inc. in a state court lawsuit in Texas styled: Cause No. 2010-4169; *Lorena Munoz, individually and on behalf of the estate of Lorenzo Munoz, et al. v. Moore Freight Services, Inc. A-Z Trailers, Inc. Xmex Transport, LLC, Charles "Chip" Strader, Goal Transports, Inc. a/k/a Calvin K. Transportation, LLC and Andres Sotelo and Trans Front, Inc.*; in the 168th Judicial District Court of El Paso County,

Texas (the "Underlying State Court Lawsuit"). In the Munoz Claimants' Third Amended Petition in the Underlying State Court Lawsuit and in all following Petitions, the Munoz Claimants made claims only against Rosa Franceware as the Representative of the Estate of Roger Franceware. (*See*, petitions, attached as Exhibits "C", "D", "E", "F", "G", and "H", collectively, the "Underlying Lawsuits") beginning at CANAL MSJ Appendix (Administratrix) page 084). In each of these petitions, the Munoz Claimants also seek recovery against Xmex and Charles Strader as a principal of Xmex and against Moore Freight.

6. However, in none of the petitions do the Munoz Claimants seek recovery against Jessica Lopez as Administratrix of the Estate of Roger Franceware. (*See*, petitions, attached as Exhibits "C" through "H").

7. Instead, in every affirmative pleading made by the Munoz Claimants in the Underlying Lawsuits, the Munoz Claimants seek recovery only against Rosa Franceware as Representative of the Estate of Roger Franceware.

8. Throughout the course of the litigation in the Underlying State Lawsuit, Rosa Franceware was represented by Stewart Forbes of the law office of Forbes & Forbes. Throughout the course of the litigation in the Underlying State Lawsuit, Jessica Lopez was represented by Langdon "Trey" Smith of the law offices of Jim Adler & Associates.

**<u>SUMMARY OF ARGUMENT</u>**

9. Jessica Lopez as Administratrix of the Estate of Roger Franceware was never sued by anyone in the Underlying Litigation. As a result, because there were no allegations made against Jessica Lopez as Administratrix of the Estate

of Roger Franceware within the "four corners" of any petition, CANAL owed no duty to defend Jessica Lopez as Administratrix of the Estate of Roger Franceware.

**APPLICATION OF THE "EIGHT CORNERS" DOCTRINE ESTABLISHES NO DUTY TO DEFEND JESSICA LOPEZ AS ADMINISTRATRIX OF THE ESTATE OF ROGER FRANCEWARE**

10. In the matter before this Court, none of the petitions in the Underlying Lawsuit contain any allegations against Jessica Lopez as Administratrix of the Estate of Roger Franceware.

11. In Texas, a decedent's estate "is not a legal entity and may not properly sue or be sued as such." *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975); *see also Henson v. Crow,* 734 S.W.2d 648, 649 (Tex.1987). *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Dueitt v. Dueitt,* 802 S.W.2d 859, 861 (Tex. App. – Houston [1st Dist.] 1991, no writ); *In Re Fairfield Fin. Group., Inc.*, 29 S.W.3d 911, 913–914 (Tex. App. – Beaumont 2000, orig. proceeding); *Wolfram v. Wolfram*, 165 S.W.3d 755, 759-60 (Tex. App.—San Antonio 2005, no pet.),

12. Furthermore, a suit seeking to establish the liability of an estate should be filed against the personal representative or, in certain circumstances, the heirs or beneficiaries. *Price*, 522 S.W.2d at 691; *Miller v. Estate of Self*, 113 S.W.3d 554, 556 (Tex. App.—Texarkana 2003, no pet.).

13. The "Estate of Roger Franceware" cannot be sued in a vacuum. In order for a court to have jurisdiction over the "estate," a representative of the estate must be sued. And in the case before this Court, the Munoz Claimants did

name and file suit against a representative of the estate, Rosa Franceware as Representative of the Estate of Roger Franceware. Over and over and over again, from the Original Petition, to the Supplemental Petition, to the First Amended Petition, to the Third Amended Petition, to the Fourth Amended Petition, to the Amended Petition of February 14, 2014, the Munoz Claimants only make allegations against Rosa Franceware as the Administrator of the Estate of Roger Franceware. (*See*, Exhibits "C", "D", "E", "F", "G", and "H", CANAL MSJ Appendix (Administratrix) pages 084-144).

14. In none of these petitions did the Munoz Claimants ever sue Jessica Lopez as administratrix of the Estate of Roger Franceware. Nowhere within the "four corners" of those petitions are there any allegations made by the Munoz Claimants against Jessica Lopez as administratrix of the Estate of Roger Franceware. Nowhere within the "four corners" of those petitions do the Munoz Claimants ever just sue "The Estate of Roger Franceware." Instead, the Munoz Claimants only ever sued Rosa Franceware as representative of the Estate of Roger Franceware.

15. In the case of *Price v. Estate of Anderson*, the court held that when the administrator of an estate filed an answer for the estate, in the name of the estate only, a lawsuit would not be time barred when a claimant later amended the petition after the statute of limitations to include the administrator as a defendant. *Price*, 522 S.W.2d at 692. The fact pattern of *Price* can be distinguished from the case before this Court. In the case before this Court,

Jessica Lopez as administratrix of the Estate of Roger Franceware was never sued.

16. Jessica Lopez as administratrix of the Estate of Roger Franceware may try to argue the allegations made against Rosa Franceware constitute a "misnomer" that should be ignored. However, as the Texas Supreme Court noted in *Price*:

> This is not a true misnomer case. The mistake is a misnomer case is one of fact, i.e. as to the correct name of the party intended to be sued. The mistake in the present case is one of law, i.e. as to the party that should be sued to establish the liability of a decedent and collect the claim out of property belonging to his estate. *Price v. Anderson's Estate*, 522 S.W.2d 690, 692 (Tex. 1975).

17. Moreover, a suit seeking to establish the liability of an estate should be filed against the personal representative of the estate because the estate itself is not a legal entity and may not be sued as such. In fact, a court's jurisdiction over an indispensable party is as essential to the court's right and power to proceed to judgment as is jurisdiction of the subject matter *Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex. App. – Houston [1st Dist.] 1991, no writ).

18. In the case of *In re Fairfield Fin. Group, Inc.*, 29 S.W.3d 911, 914-15 (Tex. App.—Beaumont 2000, no pet.), Luis M. Marroquin, Sr. executed a promissory note payable to Allied Merchants Bank. Allied Merchants Bank became First Interstate Bank of Port Arthur. Luis M. Marroquin, Sr. died on January 30, 1987, and his wife Doris was appointed the independent executrix of his estate on February 18, 1987. First Interstate Bank of Port Arthur sued "the Estate of Luis M. Marroquin" in Cause No. B–129,961. Citation issued to "The Estate of

Luis M. Marroquin, Sr., Deceased, by serving its Independent Executrix Doris E. Marroquin." The citation was served on Doris Marroquin on October 20, 1988.

19. On November 2, 1988, acting *pro se,* Doris Marroquin filed a general denial for "the Estate of Luis M. Marroquin." This answer is signed "Estate of Luis M. Marroquin" by "Doris Marroquin, Pro Se, Independent Executrix." On October 26, 1990, the trial court granted summary judgment for Fairfield Financial Group against "The Estate of Luis M. Marroquin, Sr., Deceased," in the amount of $282,353.19 plus attorney fees and costs. *In re Fairfield Fin. Group, Inc.*, 29 S.W.3d 911, 912-13 (Tex. App.—Beaumont 2000, no pet.).

20. The Financial Group sought to execute on the judgment against the estate, and Doris Marroquin filed a motion to quash the writ of execution. The trial court granted the motion to quash, and an appeal ensued.

21. On appeal, the *Fairfield* court held that:

> A suit seeking to establish a decedent's liability on a claim and subject property of the estate to its payment should be instituted against the personal representative. *See Price,* 522 S.W.2d at 691. Where the suit names the estate, rather than the personal representative of that estate, the trial court will be vested with jurisdiction if the personal representative is served with citation and participates in the suit in her capacity as personal representative of the estate, and the resulting judgment will be valid even if it names the estate rather than the personal representative in her official capacity. *See Bernstein,* 850 S.W.2d at 699–700. Doris Marroquin Terry was served with citation in her capacity as executrix of the estate of Luis M. Marroquin, Sr., and participated in the suit by filing an answer in the suit in her capacity as executrix of the estate. The judgment taken by First

> Interstate Bank against the Estate of Luis M. Marroquin, Sr., bound the personal representative in her official capacity.

*In re Fairfield Fin. Group, Inc.*, 29 S.W.3d 911, 914-15 (Tex. App.—Beaumont 2000, no pet.) (emphasis added).

22. In *Henson v. Estate of Crow,* 734 S.W.2d 648 (Tex.1987), the defendant died while the suit was pending and a notice of death was filed. *Id.* at 649. An amended petition named the estate as the defendant, and the *attorney* who had represented the deceased while alive filed an answer on behalf of the estate. *Id.* The Supreme Court affirmed the summary judgment in favor of the estate because no personal representative filed an answer, and there was nothing in the record to show that the attorney who filed the answer for the estate was representing the personal representative of the estate. *Id.*

23. In the Underlying Lawsuit, the only parties seeking to recover against the Estate of Roger Franceware as a party defendant were the Munoz Claimants. The Munoz Claimants sued only Rosa Franceware as the Representative of the Estate of Roger Franceware, and served the lawsuit seeking affirmative relief against Rosa Franceware, not Jessica Lopez.

24. If a petition does not allege facts within the scope of coverage, an insured is not required to defend a suit. *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). A court is not allowed to read facts into the pleadings, look outside the pleadings, or imagine factual scenarios that might trigger coverage. *Id.; St. Paul Ins. Co. v. Tex. Dept. of Transp.*, 999 S.W.2d 881, 885 (Tex. App. – Austin 2000, no pet.).

25. Because the Munoz Claimants never made claims against Jessica Lopez as Administratrix of the Estate of Roger Franceware, Jessica Lopez as Administratrix of the Estate of Roger Franceware had no obligation to defend herself, even though she apparently filed an answer. As a result, based on the "four corners" of the Underlying Lawsuit, it is axiomatic that Canal did not have a duty to provide a defense to Jessica Lopez as Administratrix of the Estate of Roger Franceware for non-existent claims, and this Court should declare that Canal did not have a duty to defend Jessica Lopez as Administratrix of the Estate of Roger Franceware.

## CONCLUSION AND PRAYER

26. In conclusion, no duty to defend Jessica Lopez as Administratrix of the Estate of Roger Franceware exists, and this Court should declare that no duty to defend Jessica Lopez as Administratrix of the Estate of Roger Franceware exists. Canal prays this Court grant summary judgment in favor of Canal, and make such a declaration. Canal further prays for all other relief, general or special, at law or in equity, to which it shows itself entitled to receive.

RESPECTFULLY SUBMITTED:

BUSH & RAMIREZ, PLLC.

By: /s/George T. Jackson
George T. Jackson
Texas Bar No. 10466950
Federal Bar No. 15072
5615 Kirby Dr., Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
gjackson.atty@bushramirez.com

**ATTORNEYS FOR PLAINTIFF,**
**CANAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on April 16, 2015, a copy of this document was served on all parties via electronic filing.

*/s/ George T. Jackson*