IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | EP-13-CV-156-KC |
| | § | |
| XMEX TRANSPORT, LLC, et al. | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT JESSICA LOPEZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO BREACH OF CONTRACT AND INSURANCE CODE COUNTERCLAIMS**

COMES NOW Jessica Lopez, as Next Friend of A.F. and J.O., Minor Children, and as Administratrix of the Estate of Roger Franceware ("Lopez") and files this Motion for Partial Summary Judgment as to Breach of Contract and Insurance Code Counterclaims. In support thereof, Lopez would respectfully show the Court as follows:

### I.   ISSUES PRESENTED

1.   Canal Insurance Company owed Roger Franceware a duty to defend under an insurance policy issued to XMEX Transport, LLC. This fact has been litigated and definitively established. Jessica Lopez, as the duly appointed administratrix of Franceware's estate, demanded such a defense from Canal on Franceware's behalf. But Canal refuses to provide a defense. Is Canal's refusal to provide Franceware a defense a breach of the insurance contract? And is that refusal to provide Franceware a defense a violation of the Texas Prompt Payment of Claims Act, Texas Insurance Code Section 542.051, *et seq.*?

### II.   BACKGROUND FACTS

2.   By its Order of September 4, 2014 [Doc. 77], this Court resolved opposing summary judgment motions filed by Canal and Lopez concerning Canal's duty to defend under a

liability insurance policy numbered PIA06033700 (the "Policy"). After full briefing and due consideration of the parties' arguments and authorities, the Court determined, among other things, that Canal had a duty to defend the Estate of Roger Franceware in the underlying State Court Litigation. *See* ECF No. 77, 39-40. The Court subsequently granted Lopez's motion for leave to amend her answer and add counterclaims asserting Franceware's rights under the Policy. *See* ECF No. 79 (granted by text order on Oct. 31, 2014).

3. In its Amended Scheduling Order of November 10, 2014 [Doc. 92], this Court agreed that certain aspects of Canal's duty to indemnify are unripe so long as they are still contested in the underlying State Court Litigation.[1] *See* ECF No. 92, 5-6. Nonetheless, the Court further noted that this "does not prohibit this Court from proceeding as to the consequences of a breach of the duty to defend." *Id.* at 7. The Court accordingly ordered that dispositive motions regarding "Lopez's counterclaims" be filed by April 17, 2015. *Id.* at 8.

4. Lopez now seeks summary judgment as to two counterclaims she has raised on Franceware's behalf: (1) breach of contract and (2) breach of the Texas Insurance Code. *See* Lopez's 1st Amend. Ans. & Cntrclm. [Doc. 90] at ¶¶ 50, 52. Lopez seeks summary judgment only as to liability at this time; argument as to the specific amount of damages, attorney's fees, and prejudgment interest incurred by Franceware's estate is reserved for a later date.

### III. STATEMENT OF THE EVIDENCE

5. In support of this summary judgment motion, Lopez hereby adopts and incorporates the following evidence as if fully set forth herein with the intent that said exhibits be used as summary judgment proof:

---

[1] The court reporter for the State Court Litigation has required numerous extensions to complete her preparation of the trial record for that appeal, docketed as Cause No. 08-14-00254-CV in the Eighth Court of Appeals in El Paso. As a result, very little progress has been made since that appeal was filed in September 2014. As of the filing of this summary judgment motion, the trial record is due with the appellate court by April 22, 2015, at which point the parties to the appeal will be able to begin filing their briefs on the merits.

      **Exhibit A:**    Lopez's Demand Letter of June 24, 2011;

      **Exhibit B:**    Canal's Objections and Responses to Lopez's First Requests for Admissions (Jan. 14, 2015);

      **Exhibit C:**    Excerpts from Canal's Claim File, produced in Canal's Responses to Lopez's First Requests for Production;

      **Exhibit D:**    Lopez's State Court Answer to Munoz's Third Amended Petition as to Franceware (Aug. 26, 2011);

      **Exhibit E:**    Orders Appointing Jessica Lopez as Administratrix of Franceware's Estate (May 17, 2011); and

      **Exhibit F:**    Affidavit of Langdon Smith (Apr. 17, 2015);

Lopez also cites to evidence and pleadings that have been previously filed and made a part of the Court's record in this case.

### IV.   ARGUMENT & AUTHORITIES

6.    Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). Once the moving party has met its Rule 56 burden, the nonmovant must identify specific evidence in the record and articulate how that evidence supports the nonmovant's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). All reasonable inferences should be drawn in the light most favorable to the nonmovant. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

7.     Here, the Court's prior finding that Canal owed Franceware a duty to defend under the Policy establishes most of the elements for Franceware's contractual and Insurance Code claims as a matter of law. While both of those claims are briefed below in their entirety, it is relatively simple to show the necessity of summary judgment in Lopez's favor.

**CANAL BREACHED ITS CONTRACT WHEN IT REFUSED TO PROVIDE FRANCEWARE'S ESTATE A DEFENSE UNDER THE POLICY.**

8.     Lopez first moves for summary judgment on Franceware's breach of contract claim against Canal. *See* Doc. 90, ¶ 50. The elements of a breach of contract claim in Texas are: (A) the existence of a valid contract; (B) performance or tendered performance by the plaintiff; (C) breach of the contract by the defendant; and (D) damages to the plaintiff resulting from that breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). In addition, when a third party to a contract made between other parties wishes to sue for breach of that contract, he must show that the parties intended to secure a benefit to him and that the contracting parties entered into the contract directly for his benefit. *See MCI Telecomms. Corp. v. Texas Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999).

9.     No party has ever contested the validity of the Policy, so Lopez need only show that Franceware is a proper third-party beneficiary to enforce that contract. Lopez will also show that Franceware, through Lopez, performed his only obligation under the Policy by demanding a defense from Canal. Canal's subsequent breach is a matter of record. And the damages incurred by Franceware's estate, though still accruing, are sufficient to establish Canal's liability.

     A.     **Franceware was the intended beneficiary of a valid contract.**

10.     Canal has always contended that the Policy "was in full force and effect at all times pertinent to this action." *See* Canal's Orig. Complaint [Doc. 1] at ¶ 33. There should thus

be no dispute that the Policy was a valid contract between Canal (the issuer) and XMEX (the named insured). *See* Policy [Doc. 1-10] at 1. And the Policy clearly and fully expresses Canal and XMEX's intent to extend coverage to at least some third parties other than the "named insured." *Id.* at 29-30 (definition of "insured"); *see also* ECF No. 77, pp. 32-35 (concluding that "each of XMEX, Strader, and Franceware were an 'insured' under the Policy"). The Court should further find that Franceware, as an unnamed additional insured, has standing to enforce his rights under this contract.

11. Under Texas law, a party is a "third-party beneficiary" – *i.e.*, one who can recover on a contract made between other parties – if he is a "creditor" beneficiary of the contract. *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (citing *MCI*, 995 S.W.2d at 651). A party is a "creditor" beneficiary if, under the agreement, the contractual "performance will come to him in satisfaction of a legal duty owed to him by the promisee." *Id.* (citing RESTATEMENT (SECOND) OF CONTRACTS § 302(1)(a)). The duty owed may be indebtedness, a contractual obligation, or other legally enforceable commitments owed to the third party. *Id.* (citing *MCI*, 995 S.W.2d at 651).

12. Here, Canal has a duty – *i.e.*, a "legally enforceable commitment" – to provide Franceware a defense. *See* ECF No. 77, pp. 32-35. That duty to defend is sufficiently explicit to render Franceware a "creditor" third-party beneficiary under the Policy. *See, e.g.*, *AIX Specialty Ins. Co. v. Univ. Cas. Co.*, No. H-12-507, 2012 WL 6862489, at *9-13 (S.D.Tex. Dec. 27, 2012), report and recommendation adopted, 2013 WL 164263 ("additional insured" unnamed in policy successfully establishing duty to defend). Franceware can enforce his rights accordingly.

   **B.  Franceware complied with his contractual obligations when he demanded a defense under the Policy.**

13. As an additional insured, Franceware's only immediate obligation under the Policy was to send Canal copies of the petition naming him as a defendant in the State Court

Litigation, along with a demand for a defense. *See* ECF No. 1-10, 34 (Section IV.A.2.b: duties of insured). As Franceware died in the August 2010 accident, Lopez performed this duty on behalf of his estate on June 24, 2011. *See* **Exhibit A** (Letter of June 24); **Exhibit B** (Canal's Responses to Requests for Admissions) at 4. But though Canal received Lopez's demand, it did not provide Franceware a defense. **Exhibit B** at 4-5, 7-8; **Exhibit C** (Excerpts from Canal's Claim File) at CANAL 00165. Lopez had no choice but to provide one herself. *See* **Exhibit D** (Answer).

14. Canal may note that the plaintiffs in the State Court Litigation consistently (and erroneously) identified Rosa Franceware as the administratrix of Franceware's estate instead of Jessica Lopez, as if this somehow obviated Canal's duty to respond to Lopez's demand. *See, e.g.*, Canal's Mot. for Sum. Judg. [Doc. 106].[2] But this Court has already determined – despite the Munoz heirs' error – that the allegations against Franceware gave rise to a need for a defense from the Munoz heirs' claims. Jessica Lopez, as the true administratrix of Franceware's estate, was the only individual with the authority to demand and obtain that defense for Franceware. Her demand on his behalf thus satisfied Franceware's obligations under the Policy.

> **1. Jessica Lopez possessed and properly exercised the authority to demand a defense on behalf of Franceware's estate.**

15. Under the Texas Estates Code, a personal representative may be appointed to administer the estate of a decedent who dies intestate. Tex. Est. Code § 301.051. Jessica Lopez applied and was duly appointed as the Administratrix of the Estate of Roger Franceware, effective May 17, 2011. *See* Tex. Est. Code § 306.003; **Exhibit E** (Probate Orders). As such, her responsibilities included the duty to demand a defense if she was served with suit after qualifying as administratrix. *See Harwell v. State Farm Mut. Auto Ins. Co.*, 896 S.W.2d 170, 174 (Tex.

---

[2] Lopez will more fully brief the deficiencies of Canal's position in a forthcoming response to its motion, including Canal's gloss of the distinction between Jessica Lopez as an individual and Jessica Lopez as agent of Franceware's estate. For now, it is sufficient to show that Lopez's actions were effective to demand a defense on behalf of Canal's insured, Roger Franceware.

1995) ("It was [the administratrix]'s duty to notify State Farm of the suit against its insured when she received service of process"). After receiving such a suit on or about June 16, 2011, Lopez promptly did so.[3] *See* ECF No. 106-4 (Munoz 3rd Amend. Pet.), 10-19; **Exhibit A**.

16. Lopez's actions were necessary under Texas law. Of course, it is, was, and always has been Franceware who was the individual insured under the Policy. But Franceware is dead, meaning that his rights and liabilities at the time of his death are now held by his estate. And while it may be true that the estate is not a "legal entity" under Texas law and lacks the "capacity" to sue or be sued, in this respect the estate is little different than a minor or incompetent under a legal disability. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). As with a minor or incompetent, an estate needs a representative to cure its inability to take action for itself. *Id.* at 849-51. If Lopez had not demanded a defense on Franceware's behalf – and it must be reemphasized, this Court's holding regarding the duty to defend confirms that a defense for Franceware *was* necessary – nobody could have.

### 2. Francware would have failed to perform under the Policy if Jessica Lopez had *not* demanded a defense.

17. Significantly, *Harwell* also illustrates the perils that faced Franceware's estate if Jessica Lopez had ***not*** demanded a defense on its behalf. In *Harwell*, the underlying plaintiffs sued the decedent's estate before an administrator of the estate was appointed. *Harwell*, 896 S.W.2d at 172. John Groce, the attorney for the underlying plaintiffs, forwarded State Farm notice of the suit before Harwell was officially appointed administratrix of the estate. *Id.* at 172. But Harwell never re-forwarded notice once she was appointed. *Id.* The court ultimately held that Harwell had not complied with the notice requirements for demanding a defense because "State

---

[3] Lopez notes that all parties to the instant litigation agreed Canal's duty to defend would be determined under Munoz's "Live Petition" of March 10, 2014. *See* ECF No. 77, 2 n.3. For purposes of giving Canal prompt notice that its insured was sued, the ***timing*** of Munoz's Third Amended Petition may be relevant, but not its ***content***. "None of the parties argue that Canal's duty to defend changed over time as the parties amended their pleadings." *Id.*

Farm received no notice of the suit from Harwell or Groce after Harwell qualified as the estate's permanent administrator and accepted service." *Id.* at 174.

18. Here, Lopez's authority to receive service on behalf of Franceware's estate arose only after she was appointed administratrix on May 17, 2011. When she received service of a suit naming Franceware's estate as a defendant, she had the duty and responsibility to demand a defense from that suit on Franceware's behalf. Lopez's demand for a defense on June 24, 2011 was thus both necessary to ensure Franceware performed under the Policy and proper. *See Lamar Homes*, 242 S.W.3d at 18 ("what a principal does through an agent, he does himself") (quoting *Dunn v. So. Farm Bureau Cas. Ins. Co.*, 991 S.W.2d 467, 473 (Tex. App.—Tyler 1999, pet. denied)).

## C. Canal breached its duty to defend Franceware's estate under the Policy.

19. This element of Franceware's cause of action is incontestable. Given the Court's holding that Canal owed Franceware a duty to defend, it is "established beyond peradventure" that Canal's failure to provide a defense is a breach of the Policy. *See Trammell Crow Residential Co. v. Virginia Sur. Co.*, 643 F.Supp.2d 844, 856 (N.D. Tex. 2008).

## D. Franceware incurred damages as a result of Canal's breach of the Policy.

20. For purposes of a summary judgment motion on liability, Lopez need only prove that Franceware's estate suffered *some* damages from Canal's breach of contract, not the *amount* of the damages incurred. *Trammell Crow*, 643 F.Supp.2d at 856. "Attorney's fees and costs incurred by the Assured in the defense and settlement of the damage suit . . . are the direct result of the impermissible abandonment of the Insurer's duty to defend and are therefore recoverable as a part of the Assured's damages." *U.S. Cas. Co. v. Schlein*, 338 F.2d 169, 175 (5th Cir. 1964). But while Canal had a duty to defend Franceware under the Policy, it neither undertook that

defense nor paid any of Franceware's defense costs in connection with the State Court Litigation. *See* **Exhibit F** (Smith Affidavit). Because Canal's failure to fulfill its contractual obligations has damaged Franceware's estate, Lopez is entitled to summary judgment on Franceware's breach of contract claim.

### CANAL'S ONGOING REFUSAL TO PROVIDE FRANCEWARE'S ESTATE A DEFENSE VIOLATES THE TEXAS PROMPT PAYMENT OF CLAIMS ACT.

21. Lopez also moves for summary judgment on Franceware's Insurance Code claim against Canal. *See* Doc. 90, ¶ 52. Texas Insurance Code sections 542.051-.061 – the Prompt Payment of Claims Act – provide that an insurer who is "liable for a claim under an insurance policy" and who fails to promptly respond to, or pay, the claim as the statute requires is liable to the insurance beneficiary for the amount of the claim, "interest on the amount of the claim at the rate of eighteen percent a year as damages," and "reasonable attorney's fees." Tex. Ins. Code § 542.060(a). The Texas Supreme Court has held that "the prompt-payment statute, formerly article 21.55, and now codified as sections 542.051-.061 of the Texas Insurance Code, may be applied when an insurer wrongfully refuses to promptly pay a defense benefit owed to the insured. *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 20 (Tex. 2007).

22. Lopez need not calculate the precise cost of Franceware's defense or submit invoices to Canal to trigger the provisions of Chapter 542. *Trammell Crow*, 643 F.Supp.2d at 858-59. These are questions of damage valuations, not liability, and the latter can be determined independently of the former. *Id.* at 859. Indeed, by proving Franceware's breach of contract claim, Lopez has established Canal's Insurance Code liability as a matter of law. *See Vaughn v. Hartford Cas. Ins. Co.*, 277 F.Supp.2d 682, 689 (N.D. Tex. 2003) ("[The Insured's claim under Article 21.55] is based on a statutory provision that is intimately related to Hartford's obligations to perform under the insurance contract, and the relief provided by article 21.55 is predicated on

a successful claim under the contract."); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997) ("[I]f an insurer fails to pay a claim, it runs the risk of incurring this 18 percent statutory fee and reasonable attorney's fees."); *Edens v. United Benefit Life Ins. Co.*, 2001 WL 1143140, at *9 (N.D. Tex. Sept. 25, 2001) ("If it is determined that plaintiffs' claim should have been paid, the penalty under Article 21.55 will be automatic."). Lopez respectfully requests summary judgment as to Canal's violations of Insurance Code chapter 542.

## V. PRAYER

23. Canal opened the present case by requesting a declaration of its "rights and obligations" under the Policy. *See* ECF No. 1, 12. This Court honored that request when it determined one such obligation was Canal owing Franceware a defense. But rather than accepting the consequences of its own complaint or attempting to cure its violation of the Policy, Canal has focused its energy on re-litigating (and re-re-litigating) whether a defense was owed at all. These proceedings are long past that point. If Canal has a duty to defend Franceware – and this Court has unambiguously determined it does – Canal's refusal to satisfy that duty is a breach of both the duty and the contract that created it. This Court should hold that this breach has meaningful consequences and grant summary judgment on these counterclaims.

WHEREFORE, PREMISES CONSIDERED, Lopez respectfully prays that the Court grant her Motion for Partial Summary Judgment as to Breach of Contract and Insurance Code Counterclaims in its entirety. Lopez further prays that the Court grant her any and all other relief, whether general or special, at law or in equity, to which she may be justly entitled.

[Signature Block on Subsequent Page]

>Respectfully submitted,
>
>**JIM S. ADLER & ASSOCIATES**
>
>By: /s/ Langdon "Trey" Smith
>     Langdon "Trey" Smith
>     Fed ID: 20498
>     Texas Bar No.: 00797456
>     lsmith@jimadler.com
>     1900 West Loop South, 20th Floor
>     Houston, Texas 77027
>     T: (713) 735-2114
>     F: (713) 781-2514
>
>**ATTORNEY FOR DEFENDANT,
>JESSICA LOPEZ**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 17th day of April, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by certified mail, return receipt requested. Parties may access this filing through the Court's electronic filing system.

>/s/ Langdon "Trey" Smith
>Langdon "Trey" Smith