IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
EL PASO DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § | |
| vs. | § § § | |
| XMEX TRANSPORT, LLC, CHARLES STRADER, LORENA MUNOZ, individually and on behalf of the ESTATE OF LORENZO MUNOZ, and as next friend of L. M. and C. M., minor children, VIRGINIA MUNOZ, ROSA FRANCEWARE, individually and as next friend of E. L. F., a minor, and as administratrix of the ESTATE OF ROGER FRANCEWARE, JESSICA LOPEZ, Administratrix of the ESTATE OF ROGER FRANCEWARE and as next friend of A. F. and J. F., minor children, A-Z TRAILERS, INC., DYKES & DYKES TRAILERS, INC., GOAL TRANSPORTS, INC. d/b/a CALVIN K.TRANSPORTATION, LLC, JOSE M. GOMEZ, ANDRES SOTELO, TRANS FRONT, INC., OSCAR FLORES, JOAQUIN CORTEZ SANCHEZ, TRANSPORTES AMERICANOS, and SMTC MEX-HOLD, Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | NO. 3:13-cv-00156-KC |

**RESPONSE AND OBJECTIONS TO THE PROPOSED UNDISPUTED FACTS FILED BY THE MUNOZ DEFENDANTS [DOC. 109-1]**

TO THE COURT:

Canal Insurance Company ("Canal") files this document as its Response and Objections to the Proposed Undisputed Facts submitted by the Munoz

1

Defendants in support of their Motion for Summary Judgment [Doc. 109-1]. In response and by way of objection, Canal would show this Court as follows:

1. Canal admits Lorenzo Munoz and Roger Franceware were traveling eastbound in a 2007 International truck with a VIN of 2HSCNSCR57C432761[1], a tractor owned by Moore Freight.

2. Canal admits the truck crashed and caught fire, and that both Munoz and Franceware died.

3. Canal admits the tractor was towing a trailer and carrying goods in interstate transportation.

4. Canal admits there was a dispute as to who was driving the truck at the time of the accident.

5. Canal admits that Munoz's survivors and heirs and Franceware's survivors and heirs filed suit against a number of parties, including Xmex.

6, Canal admits the state court lawsuit went to trial and resulted in a verdict.

7. Canal admits the verdict included findings that Xmex was negligent and that the negligence of Xmex proximately caused injury to the Munoz Defendants.

8. Canal admits the verdict included a finding that Munoz was not acting as an employee in the scope of his employment for Xmex.

9. Canal admits the verdict included a definition of "employee" that stated "An 'employee' means a person in the service of another under a contract of hire, which may be express or implied, oral or written, with the understanding that

---

[1] The correct VIN appears to be 2HSCNSCR57C432761 instead of -432781. (See, CANAL MSJ Appendix, page 232 [Doc. 107-4].

such other person has the right to direct the details of the work and not merely the result to be accomplished." Canal would note the definition of "employee" provided to the jury in the Underlying State Court Litigation did not include the definition of "employee" contained in either the Canal Xmex Policy or under 49 C.F.R. §390.5.

10. Canal admits the jury in the State Court Litigation was not asked to decide whether Munoz was an "employee" or "independent contractor" at the time of the incident, and no definition of "independent contractor" was included in the verdict.

11. Canal admits the trial court judge signed a judgment. Canal denies the judgment is final, because several parties have filed notices of appeal.

12. Canal admits the judgment, which is on appeal, noted that the jury found that the negligence of Xmex proximately caused the injuries complained of by the Munoz Defendants.

13. Canal admits the judgment stated that Lorenzo Munoz was not acting as an employee of Xmex. Canal denies this is a final judgment, because several parties have filed an appeal.

14. Canal admits the judgment sets forth the recoveries as stated in Paragraph 14 of the Munoz Defendants Proposed Undisputed Facts. However, Canal denies the judgment is a final judgment, because several parties have appealed the judgment.

15. Canal admits the judgment allows the Munoz Plaintiffs to recover from Xmex and other defendants, and that the total judgment and costs of court will

accrue at 5% per annum until paid. Canal denies the judgment is a final judgment because several parties have appealed the judgment.

16. Canal admits the Xmex Policy contained an MCS-90 endorsement, and the endorsement reads as stated in paragraph 15 of the Munoz Proposed Undisputed Facts.

17. Canal admits the definition of "employee" under 49 C.F.R. §390.5 has been accurately stated in Paragraph 17.

18. Canal admits the definition of "employer" under 49 C.F.R. §390.5 has been accurately stated in Paragraph 18.

APPROVED:

BUSH & RAMIREZ, PLLC

BY: /s/ George T. Jackson
George T. Jackson
TBA 10466950
Fed. ID. No. 10572
5615 Kirby Dr., Suite 900
Houston, Texas 77005
(713) 626-1555 telephone
(713) 622-8077 fax
gjackson.atty@bushramirez.com

**ATTORNEYS FOR CANAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I certify that on April 27, 2015, a copy of this document was served on all parties via electronic filing.

/s/ George T. Jackson